THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM PASKOWITZ, Defendant.

County Court, Bronx County, April 10, 1934.

*Samuel J. Foley, District Attorney [Edward F. Breslin, Assistant District Attorney, of counsel], for the plaintiff.*

*Emanuel Schwartz, Julius S. Berg and Ira J. Schuster [Emanuel Schwartz and Ira J. Schuster of counsel], for the defendant.*

STACKELL, J. The defendant was indicted, charged with the crime of murder in the first degree. Three men, to wit, Harold Goldman, Louis Figoni and Jack Shulman, have been committed, upon the application of the district attorney, as necessary and material witnesses, who have knowledge of this crime.

Defendant's counsel have made an application for an order permitting them to visit and talk to these witnesses. The affidavit in support of this motion sets forth that they have endeavored to interview these witnesses, but were denied the opportunity by the warden.

They then spoke to the sheriff's counsel and he referred them to the district attorney; that they then took the matter up with the assistant district attorney in charge of the case and he likewise refused permission for counsel to see these witnesses.

No authority has been directed to the court's attention why these witnesses should be held incommunicado. If these witnesses were released on bail or had not been committed in the first instance, there can be no question but that the defendant's counsel would have the opportunity of approaching them and interrogating them concerning their knowledge of the facts of this case.

I fail to perceive any reason why the same opportunity should not exist when they are being detained as material witnesses, particularly in a case where a defendant is charged with the crime of murder in the first degree and is represented by assigned counsel,

who are desirous of ascertaining the truth and are making the application in good faith.

The district attorney states that these witnesses have expressed a disinclination to be interviewed by the defendant's counsel. If that be so, and the court has no reason to doubt it, these witnesses should be permitted to speak for themselves. In the interests of substantial justice, a reasonable request, made in good faith, particularly in a capital case, should not be denied.

For the foregoing reasons, the motion is granted.