## 36018. WILSON v. THE STATE.

CARLISLE, J. The defendant and her husband were jointly indicted on July 19, 1955, for a murder committed on June 15, 1955, in Thomas County, Georgia. Upon her motion to sever, the defendant was tried separately and convicted of voluntary manslaughter. Her motion for a new trial, based on the usual general grounds and four special grounds was denied. In her bill of exceptions brought to this court the defendant assigns error upon the denial of her motion for a new trial and also assigns error on the trial court's overruling two motions, made in open court between the time of indictment and the time of her trial, that the defendant's counsel be permitted to interview the only eyewitness to the murder, who was being held in jail incommunicado as a material witness for the prosecution, and who had been so confined since the day of the murder. It appears that these two motions—one made before the eyewitness had been subpoenaed by the State and the other made thereafter—were made to the court after the sheriff of the county and the solicitor-general of the circuit had refused to permit counsel for the defendant to interview this witness and were made by counsel for the defendant in an effort to prepare properly for his client's defense.

The Constitution guarantees to every person accused of a crime a fair and impartial trial and benefit of counsel. Code (Ann.) § 2-105. The State has no more right to deny defendant's counsel access to a witness material to the defense than it would have to secrete the witness to prevent the defendant's using him, or to deny the defendant the right to process to compel the attendance of a witness, and the defendant cannot be required to call a person to the stand as his own witness without knowing in advance what his testimony will be. See State v. Gangner, 73 Mont. 187 (235 Pac. 703); People v. Paskowitz, 270 N. Y. S. 799 (151 Misc. 171); Exleton v. State, 30 Okla. Cr. 224 (235 Pac. 627). Counsel for the defendant not only had the right, but it was his plain duty towards his client, to fully investigate the case and to interview any persons who might be able to assist him in ascertaining the truth concerning the event in controversy. "Witnesses are not parties, and should not be partisans. They do not belong to either side of the controversy. They may be summoned by one or the other or both, but are not retained by either. It would be a most unfortunate condition of affairs if a party to a suit, civil or criminal, should be permitted to monopolize the sources of evidence applicable to the case to use or not as might be deemed most advantageous." State v. Papa, 32 R. I. 453, 459 (80 Atl. 12). While the court has a discretionary power to order the State to permit counsel for the accused to interview a witness in its custody (Atkins v. State, 115 Ohio St. 542, 155 N. E. 189; State v. Storrs, 112 Wash. 675, 192 Pac. 984), when an application for such an interview is made in good faith it should ordinarily be granted, particularly in a capital case. People v. Paskowitz, supra.

The defendant in the present case was on trial for murder. The only eyewitness to the homicide was confined in jail and was subject to the orders of the court. Crosby v. Potts, 8 Ga. App. 463 (69 S. E. 582). Counsel for the defendant had been denied access to this witness by both the sheriff of the county and the solicitor-general of the circuit. Under such

230

circumstances, this court is of the opinion that the trial court's refusal to grant the application to interview the witness constituted an abuse of its discretion in that it denied the defendant a fair and impartial trial and the benefit of counsel within the full meaning of those terms. As this court had occasion to say in *Cartee* v. *State*, 85 *Ga. App.* 532, 536 (69 S. E. 2d 827), "An intellectual giant, prescient in and informed upon every abstract principle of law, familiar with every decided case upon the subject, is little better than a fool on the trial of a case if he is to be kept in ignorance of the facts of his client's case and denied [access to] witnesses who might substantiate his client's defense." As the case must be remanded for another trial for the reasons stated above, the other assignments of error, which are unlikely to recur on another trial, are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 10, 1956—REHEARING DENIED JANUARY 20, 1956.

*A. J. Whitehurst, Merlin H. Holland,* for plaintiff in error.