## 48899. DAVEY v. CITY OF ATLANTA.

BELL, Chief Judge. The defendant was convicted in the City Court of Atlanta of violation of an ordinance and petitioned for certiorari to the superior court. The respondent filed an answer to which the defendant filed exceptions and a traverse. After a hearing the court dismissed the petition and recited in the order

that the answer was incomplete in that it did not include a complete record of the case and that the exceptions filed did not meet the requirements of Code Ann. § 19-302.

One of the grounds in the petition is that after the defendant entered a plea of not guilty, the defendant's counsel had with him a small pocket sized tape recorder with which he attempted to record the proceedings but the trial judge would not permit its use. This was admitted by the respondent and the refusal was based on the ground that this manner of recording is prohibited in most courts "and at best is only permitted under supervision and at discretion of the presiding judge." One portion of the petition contained a summary of the testimony of the witnesses at the trial to which the respondent in his answer stated "with noted exceptions, the section is admitted as to substance but was not verbatim or complete." *Held:*

1. The City Court judge admitted that he refused to permit the use of the tape recorder by counsel as counsel was obviously attempting to make a verbatim transcript of the proceedings. In this the judge erred. There is no valid reason why a party or his counsel may not use a recording device in order to assist in perfecting a record. The use of an electronic device, of course, is subject to the supervision of the trial judge who may take reasonable measures to assure that the use of the device does not interfere with the dignity, order and decorum of the court. What the trial judge may not do is to arbitrarily deny counsel the right to use a recording device. Under the facts of this case, the court's refusal to permit the use of the recording device was arbitrary and constituted a denial of due process. In this connection see *Estep v. State,* 129 Ga. App. 909 (201 SE2d 809). It should be emphasized that the holding here is limited to the use by counsel or a party of a microphonic recording device as a work product for their personal future use in a possible retrial or appeal of the case. Accordingly, where counsel or a party uses a recording device under the permission granted by this holding, the trial judge should issue such reasonable orders as may be necessary to preclude all other use of the recorded product.

2. Although the respondent argues that the exceptions to the answer do not meet the requirements of Code Ann. § 19-302 as was noted by the superior court in its order of dismissal, we find that the defendant followed the provisions of that section. The exceptions were timely filed, and although not required by the Code, were served upon the opposite party, and with a view to

perfect the incomplete answer concerning the evidence. It was error for the superior court to not rule on the exceptions to the answer. This error also requires reversal.

The case is reversed with direction that the superior court order a new trial in the City Court of Atlanta. Code §§ 19-501, 6-1610; *Finley v. Southern R. Co.,* 5 Ga. App. 722 (64 SE 312).

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*
ARGUED JANUARY 7, 1974 — DECIDED JANUARY 29, 1974.

*George G. Finch,* for appellant.
*Paul Walker, Solicitor, Robert A. Harris,* for appellee.