172 N.J. Super. 528 (1980)
412 A.2d 1048
STATE OF NEW JERSEY, PLAINTIFF,
v.
RUGGERIO BOIARDO, ANDREW N. GERARDO, ANTHONY DEVINGO, JAMES VITO MONTEMARANO, LOUIS FERRARI, ANGELO CARMEN SICA, THOMAS DEPHILLIPS, AND ANTHONY LARDIERE, JR., DEFENDANTS.
Superior Court of New Jersey, Law Division  Somerset County.
Decided January 21, 1980.
*529 G. Michael Brown, Assistant Attorney General, for the State (John J. Degnan, Attorney General).
Michael A. Querques for defendant Ruggerio Boiardo.
John Vantuno for defendant Andrew N. Gerardo.
Miles R. Fienstein for defendant Anthony DeVingo.
John P. Doran for defendant James Vito Montemarano.
Peter B. Shaw for defendant Louis Ferrari (Smith & Shaw, attorneys).
*530 Mr. Joseph A. Ferrante for defendant Angelo Carmen Sica.
Louis C. Esposito for defendant Thomas DePhillips.
Anthony T. Colasanti for defendant Anthony Lardiere, Jr.
IMBRIANI, J.S.C.
Defendants seek to personally interview a critical and important witness whose whereabouts is unknown because he is in federal protective custody and hidden under a Witness Relocation Program. The State says the witness does not want to be interviewed by defendants and should be allowed to say so without a personal interview but simply by affidavit or a telephone conversation. Defendants, who are charged with several criminal offenses, including murder, have requested and been denied the right to personally interview the witness, one Patrick Pizuto.
Both sides have an equal right to interview witnesses since they are not parties, are not partisan and do not belong to either side. See State v. Roszkowski, 129 N.J. Super. 315 (App. Div. 1974); United States v. Opager, 589 F.2d 799 (5 Cir.1979); Wilson v. State, 93 Ga. App. 229, 91 S.E.2d 201 (Ct.App. 1956); Commonwealth v. Balliro, 349 Mass. 505, 209 N.E.2d 308 (Sup. Jud.Ct. 1965). But this right is subject to the acquiescence of the witness, Lewis v. Ct. of Common Pleas of Lebanon Cty., 436 Pa. 296, 260 A.2d 184, 189 (Sup.Ct. 1969), who has the right to refuse an interview, United States v. Rice, 550 F.2d 1364 (5 Cir.1977). And the State may inform a witness of his right to decide for himself whether or not to grant an interview. Coppolino v. Helpern, 266 F. Supp. 930, 935 (S.D.N.Y. 1964).
Defendants say that an affidavit or telephone conversation is not sufficient and it constitutes reversible error to deny them personal access to a material witness. Wilson v. State, supra; Commonwealth v. Balliro, supra; Byrnes v. United States, 327 F.2d 825 (9 Cir.1964).
*531 We are not confronted with a claim by the State that it has the right to deny any access by defendants to the witness. The State merely seeks to limit the nature of the interview where, as here, it is alleged the witness does not want to be interviewed by defendants and, moreover, the witness fears defendants. Such fear is obviously shared by others, as evidenced by his being placed in a federal Witness Relocation Program, whereby the witness and his family are given new names and relocated at an unknown location (generally out-of-state) to protect them from reprisals.
Obviously, a personal interview should be denied if it creates a danger to the safety and well-being of the witness. But is that the case here? Or can conditions be imposed to assure his safety? Where special circumstances exist it is "appropriate for the court to impose reasonable conditions and restrictions on the interviews." Commonwealth v. Balliro, supra at 316. This court cannot perceive how the safety and well-being of the witness would be endangered if we adopted a simple procedure. It can be arranged for the interview to be conducted at a place and time selected by the State, which need not disclose in advance the place of the interview. Counsel for defendants can be notified 24 hours in advance to be at a predetermined place from which they can be taken to an undisclosed location where the personal interview can be conducted.
Counsel for defendants are entitled to interview a material witness in a fashion which they deem sufficient to enable them to properly defend their client. This court cannot say that an interview by way of affidavit or a telephone conversation is sufficient. The State says that Pizuto will refuse to speak then. "If that be so, and the court has no reason to doubt it, [Pizuto] should be permitted to speak for [himself]." People v. Paskowitz, 151 Misc. 171, 270 N.Y.S. 799, (Cty.Ct. 1934). It is entirely possible that, if given the opportunity for a personal interview, one or more of counsel for defendants may develop a rapport with the witness and acquire facts and information which the *532 witness might otherwise hesitate or refuse to divulge in an affidavit or telephone call. There is too much at stake to assume that a personal interview will be fruitless. And since a personal interview would present neither prejudice to the State, nor harm to the witness, fairness and justice dictate that the witness be personally interviewed.
The court is influenced by the fact that eventually Pizuto will have to surface and appear as a witness in the trial. It will undoubtedly take several days to complete his testimony, and during that time the State will have to provide for his protection and well-being. There is no reason why the State cannot also secure his safety and well-being when the personal interview is conducted.
The witness shall be personally interviewed outside the presence of any representative of the State of New Jersey or any other persons. As said in Gregory v. United States, 369 F.2d 185 (D.C. Cir.1966):
We know of nothing in the law which gives the prosecutor the right to interfere with the preparation of the defense by effectively denying defense counsel access to the witnesses except in his presence. Presumably the prosecutor, in interviewing the witnesses, was unencumbered by the presence of defense counsel, and there seems to be no reason why defense counsel should not have an equal opportunity to determine, through interviews with the witnesses, what they know about the case and what they will testify to. [at 188]
Cf. United States v. Dryden, 423 F.2d 1175 (5 Cir.1970).
Pizuto shall be informed that he has an absolute and personal right to either grant or deny the interview. He shall also be informed that whenever he wishes to terminate the interview all he need do is leave the interview room and return to the presence of law enforcement agents, who can be positioned by the door outside the room.
It is important that this interview be conducted sufficiently in advance of the trial, now scheduled for March 3, 1980, so that defendants shall have ample opportunity to complete any further *533 investigation or research necessitated by the information received in the interview. Accordingly, the interview of Pizuto shall be completed not later than Friday, February 22, 1980.