## 36028. RUTLEDGE v. THE STATE.

NICHOLS, Justice.

This is the direct appeal of William Walker Rutledge, who was convicted and sentenced to life imprisonment for the murder of Tony Anthony Phillips.

The jury heard evidence sufficient to enable any rational trier of the facts to find the following as facts beyond a reasonable doubt: The argument which culminated in the shooting arose out of an accusation by Rutledge that the victim's cousin, Janice Byrd, had stolen marijuana from Rutledge's trailer on the day prior to the shooting. Rutledge confronted and threatened Janice Byrd, demanding that she return the marijuana or pay for it. When the victim stepped between Rutledge and Janice Byrd, Rutledge pulled a pistol and fired into the ground between the victim's legs. Rutledge then handed the pistol to Coleman King, his friend, and a scuffle began

between Rutledge and the victim that was broken up by Rutledge's mother. As the group that had assembled began to disperse, Rutledge told Janice Byrd, "One of you bitches are going to come up with my money or we're going to kick your ass." Janice Byrd responded that she would locate Cheryl Haliburton, who also had been present in Rutledge's trailer drinking beer and smoking marijuana on the night the marijuana allegedly was stolen from Rutledge.

Approximately an hour and a half later, Janice Byrd, Cheryl Haliburton, the victim, and the victim's sister, Bernice Phillips, together with other persons, returned to the general vicinity of the previous argument and scuffle. When Rutledge arrived, he began another argument, in the process of which Bernice Phillips was struck in the face. Rutledge pulled a pistol. The victim approached Rutledge from the rear, grabbed him in a "bear hug," and sought to restrain him. The victim was unarmed and did not attempt to hit or hurt Rutledge. Rutledge fired his pistol while scuffling with the victim, wounding himself in the finger. After Coleman King entered the affray brandishing a stick, bystanders broke up the fight. The victim and his sister ran toward a nearby cab stand. Rutledge and King pursued them and Rutledge shot the fleeing victim twice.

Ballistics evidence confirmed that the bullets removed from the victim's body had been fired from Rutledge's pistol. Medical testimony confirmed that the victim had died as a result of the bullet wound in the chest.

When viewed in the light favorable to the verdict this evidence is sufficient to enable any rational trier of facts to find the existence of the offense of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); *Stinson v. State,* 244 Ga. 219 (259 SE2d 471) (1979).

1. The victim's family employed and paid a private attorney to assist the district attorney as a special prosecutor. The special prosecutor was subject to the direction and control of the district attorney, who remained lead counsel for the state. The private attorney was not employed, paid, reimbursed for his expenses or

otherwise compensated by the district attorney's office. The participation of the special prosecutor did not violate Code Ann. § 24-2914. *Brown v. State,* 242 Ga. 536 (250 SE2d 438) (1978). Neither did it deny Rutledge due process. Powers v. Hauck, 399 F2d 322, 325 (5th Cir. 1968). The concerns expressed in Justice Hill's concurring opinion in *Brown v. State,* supra, do not arise in the present case because of the unrefuted testimony of the special prosecutor that he did not and would not represent the victim's family in connection with any civil claim arising out of the homicide. The first enumeration of error is without merit.

2. Rutledge sought by motion an order requiring the state's witnesses to answer his counsel's questions regarding the case. The state moved to dismiss the motion. A hearing was held and evidence was presented in behalf of the prosecution and the defense. The district attorney, the special prosecutor, and the assistant district attorney assigned to the case testified that they had instructed the witnesses that they were not required to discuss the case with defense counsel but that there was nothing wrong with them doing so. The defense's investigator, Danny Ball, testified that Bernice Phillips would not discuss the case with him because she had been told by the district attorney not to do so. Bernice Phillips, the sister of the victim, was called as a witness and testified that she did not discuss the case with Danny Ball because she did not want to do so and because she did not know whether or not she should do so; that the district attorney subsequently told her she could discuss the case with the defense. The trial court ruled that Rutledge had failed to sustain his motion by proof. The trial court declined to instruct the witnesses that they were required to speak either to the prosecution or to the defense. No error has been shown in this regard. " 'Accused and his counsel have the right to interview witnesses before the trial; and the state has no right to deny them access to a witness material to the defense, but a witness cannot be compelled to submit to such interview.' " *Emmett v. State,* 232 Ga. 110, 113 (2)(a) (205 SE2d 231) (1974). *Wilson v. State,* 93 Ga. App. 229 (91 SE2d 201) (1956), distinguishes itself from the present case by its facts. The second

enumeration of error is without merit.

3. The district attorney concedes that his office improperly issued written communications purporting to be subpoenas requiring witnesses to appear at his office prior to trial for investigatory purposes. American Bar Association Standards, the Prosecution Function, 3.1 (1971). Defense counsel brought this practice to the trial court's attention prior to trial and moved for suppression of the testimony of all witnesses who had received such a written communication from the office of the district attorney. The trial court agreed that the procedure was improper. So did the district attorney, who answered that the practice already had been discontinued.

Rutledge contends that the improper practice of issuing such communications in the form of a subpoena denied his rights of equal protection, due process and confrontation of the witnesses. Rutledge has failed to show how this unprofessional conduct harmed him. Defense counsel was not precluded from speaking with any of these witnesses. As previously discussed in Division 2 of this opinion, the witnesses were told by the prosecution that although they were not required to speak with the defense prior to trial there was nothing wrong with their doing so. Harm as well as error must be established by an appellant in order to secure a reversal of his conviction. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53) (1972); *Chenault v. State,* 234 Ga. 216, 220 (215 SE2d 223) (1976). The third enumeration of error is without merit.

4. The fourth, fifth and sixth enumerations of error will be considered together.

By written motion, defense counsel sought permission to record portions of the trial on his pocket-size tape recorder so he periodically could review testimony and could preserve possible grounds for appeal. The denial of this motion is the basis for the fourth enumeration of error. He contends that denial of this motion denied him due process.

By written motion, defendant requested complete transcription of all proceedings. The trial court granted the motion in part, ordering, inter alia, transcription of hearings on motions and all testimony given during

pretrial and trial. Rutledge contends in the fifth enumeration of error that the failure to transcribe everything that occurred during the hearings denied him due process and equal protection, and discriminated against him on account of his poverty.

The sixth enumeration of error is predicated upon a contention that Rutledge was denied his right to a public trial because one or more of the motions was tried in the judge's crowded chambers, where he and defense counsel were so close to others that they could not confer in private; where space was so limited that his relatives could not attend the proceedings.

Denial of Rutledge's motion seeking permission for defense counsel to make a private electronic recording of portions of the proceedings was not reversible error because Rutledge has not shown how this denial caused harm to his defense. *Estep v. State,* 129 Ga. App. 909 (3) (201 SE2d 809) (1973). Rutledge attempts to show harm by contending that this denial precluded his attorney from reviewing the desired private transcriptions daily to discover and preserve possible grounds for appeal. However, a criminal defendant is not entitled to a daily transcript. *Chenault v. State,* 234 Ga. 216 (3), supra. The present case is distinguishable on its facts from *Davey v. City of Atlanta,* 130 Ga. App. 687 (1) (204 SE2d 322) (1974), in that in this case an official reporter was available and the trial court did not arbitrarily deny defense counsel the right to use the recording device. Rutledge's motion for transcription was granted as to hearings on motions and testimony during pretrial proceedings. If all such matters have not been transcribed and are not a part of the record before this court, Rutledge should have moved the trial court for an appropriate order pursuant to Code Ann. § 6-805. *Allen v. State,* 230 Ga. 772 (2) (199 SE2d 246) (1973).

Considering the trial court's actions regarding the two motions together (grant of motion for official transcription of hearings and testimony on motions; denial of motion for private transcription by defense counsel) there appears from the record and transcript presented to us to have been no arbitrary denial of rights. *Davey v. City of Atlanta,* supra. The fourth enumeration of

error is without merit.

Similarly, Rutledge may not obtain reversal of his conviction upon the ground that matters ordered to be transcribed have not in fact been transcribed (fifth enumeration of error) or that prejudice not shown by the transcript occurred as a result of crowded pretrial hearings in chambers (sixth enumeration of error) because his remedy was to seek in the trial court a complete transcript of proceedings. *Allen v. State,* supra. Failure to transcribe is not harmful per se; rather, the defendant as appellant must demonstrate to this court harm resulting from the failure to transcribe. *Davis v. State,* 242 Ga. 901, 902 (1) (252 SE2d 443) (1979). The fifth and sixth enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1980 — DECIDED MAY 7, 1980.

*Perry & Perry, David E. Perry,* for appellant.

*Thomas H. Pittman, District Attorney, Curtis M. French, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.