63737. BRAMLETT v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted of child molestation and sentenced to ten years. He enumerates three errors in the trial of the case. *Held:*

1. The state used for impeachment of the appellant a document from the Cobb County Health Department which apparently showed that appellant had been treated for herpes (genitalia) in 1978. The document was not itself introduced into evidence but was used in the state's case as evidence against the appellant for impeachment purposes; appellant denied having had venereal disease. The appellant had made a timely motion prior to trial for all written scientific reports pursuant to Code Ann. § 27-1303 and the state did not produce this report pursuant to the motion.

The use of this report in evidence for impeachment purposes was properly objected to. The report is one of those described at Code Ann. § 27-1303 (c) as required to be provided by the state; and its use against the appellant was prohibited by Code Ann. § 27-1303 (b) and (a). However, we will not reverse this conviction because the use of this document was harmless error beyond a reasonable doubt. *Hamilton v. State,* 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State,* 238 Ga. 59 (230 SE2d 869). The evidence showed the two-year-old child had contracted gonorrhea, not herpes (genitalia). The report was not used to prove that the appellant had been tested for gonorrhea, but was used *only* to impeach his statement that he had never had a venereal disease. The appellant was able to explain in effect that when he had been told in 1978 that he had herpes, he did not know this was a venereal disease. Moreover, the report apparently only signified that the appellant had had herpes in 1978, and this was nothing that was not already known to the appellant. In any case, the other evidence in the case was more than sufficient to authorize a reasonable trier of fact to rationally find proof of guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171); see especially *Hamilton,* supra. In these circumstances, we will not reverse the conviction, particularly where the evidence complained of did not offer proof of guilt but was used

only for impeachment by showing a collateral fact.

2. Appellant contends he was erroneously denied a mistrial after the district attorney thrice made improper remarks about the "rape" of the alleged victim. Code Ann. § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." The trial judge in this case admonished the jury to "completely disregard the [district attorney's] statements [concerning rape]. This is a child molestation case. This is not a rape case. There is no contention that the child was raped. You will consider this case solely on the issue of . . . child molestation under the instruction of this Court." This admonishment by its nature was a "rebuke" to the district attorney. It complies with Code Ann. § 81-1009 and the trial court did not abuse its discretion.

3. Appellant contends it was reversible error to admit the mother's hearsay statement that the child said the appellant had "hurt my pooh-pooh." This statement was admitted as original evidence to explain why the mother called the police and swore out a warrant against the appellant after having observed certain other incidents which the appellant had previously, with some success, explained away. Code Ann. § 38-302.

4. Appellant's complaint on the general grounds is without merit. The evidence in this case is sufficient from which a reasonable trier of fact could rationally find proof of guilt beyond a reasonable doubt. *Turner,* supra.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 16, 1982.

*Stanley P. Herndon, Candiss Howard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.