### 66308. PENDERGRASS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of molesting his minor stepdaughter. He now appeals, enumerating three errors.

1. The victim was 8 years old at the time of appellant's trial, and the trial court found her competent to testify. Appellant maintains that the trial court abused its discretion in so ruling.

The child testified that she understood what it meant to tell the truth, the consequences of telling a lie, that telling the truth was the right thing to do, and that telling a lie was the wrong thing to do. She told the judge what a promise was and then promised him that she would tell the truth in response to questions put to her by counsel. The examination conducted by the trial court was sufficient to determine that she understood the nature of an oath, and it was not an abuse of discretion to allow her to testify. OCGA § 24-9-5 (Code Ann. § 38-1607); *Bearden v. State,* 159 Ga. App. 892 (285 SE2d 606); *Hayes v. State,* 152 Ga. App. 858 (2) (264 SE2d 307); *Decker v. State,* 139 Ga. App. 707 (1) (229 SE2d 520). Inconsistency in the child's testimony does not render her incompetent to testify, but goes to her credibility as a witness. *Hayes,* supra. In *Strickland v. State,* 164 Ga. App. 845 (297 SE2d 491), the child's contradictory and unresponsive answers occurred during the competency determination phase of the trial. In the present case, the contradictory statements were made while the child was testifying in the presence of the jury.

2. Appellant also claims error in the trial court's refusal to grant him a continuance in order that his attorney might interview the victim who was, at that time, in the custody of the Department of Family and Children Services (DFACS). "It is well settled that a

motion for continuance for additional time to adequately prepare a defense addresses itself to the discretion of the trial court and the exercise of that discretion will not be disturbed on appeal unless it has been clearly abused. [Cit.]" *Babb v. State,* 157 Ga. App. 757 (3) (278 SE2d 495), overruled on other grounds in *Motes v. State,* 161 Ga. App. 173 (288 SE2d 256). As was the case in *Babb,* we cannot say that the trial court abused its discretion in refusing the continuance. Appellant, however, contends that DFACS' refusal to permit him to interview the child is tantamount to refusal by the state and, citing *Wilson v. State,* 93 Ga. App. 229 (91 SE2d 201), asserts that he was denied his rights to counsel and a fair trial by DFACS' action.

" ' "Accused and his counsel have the right to interview witnesses before the trial; and the state has no right to deny them access to a witness material to the defense, but a witness cannot be compelled to submit to such an interview." ' [Cit.]" *Rutledge v. State,* 245 Ga. 768 (2) (267 SE2d 199). "[W]hen the witness is a child the child's guardian may make this decision." *Dover v. State,* 250 Ga. 209, 212 (2) (296 SE2d 710). While DFACS, acting as the legal custodian of the child under OCGA § 15-11-34 (Code Ann. § 24A-2301), declined to permit a pre-trial witness interview, that action was not the action of a party to the suit, i.e., the district attorney's office. In fact, the assistant district attorney expressly disavowed any involvement in the difficulty between defense counsel and the child's custodian. Furthermore, the decision of DFACS against allowing the child to be interviewed cannot be put on the same level as the monopolizing action taken by the solicitor general in *Wilson v. State,* supra. There, the prosecuting attorney refused to allow the defendant access to a material prosecution witness who was incarcerated in the county jail. Whether or not the adult witness in *Wilson* wished to speak to the defense attorney was irrelevant since the solicitor had already determined to hold the witness incommunicado. Such action was not taken in the case at bar, and no abuse of discretion resulted in the denial of the motion for continuance.

3. In his final enumerated error, appellant argues that the trial court erroneously failed to grant his motion for a new trial based on newly discovered evidence, which consisted of two affidavits. See OCGA § 5-5-23 (Code Ann. § 70-204). The affiants, the stepfather of appellant's wife and a neighbor of the stepfather, averred that they had overheard appellant's wife in November 1981 telling the child victim what to say in court. The child molestation for which appellant was convicted occurred in mid-December 1981.

" ' "[I]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not

owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." ' [Cit.]" *Jefferson v. State,* 157 Ga. App. 324, 325 (277 SE2d 317).

"There was no showing that this evidence could not have been discovered by the exercise of ordinary diligence. The mere allegation that the evidence could not have been discovered by ordinary diligence is insufficient. [Cit.] Secondly, the evidence was purely impeaching in character which will not authorize a new trial." *Downs v. State,* 141 Ga. App. 173, 174 (233 SE2d 32). Based on these authorities, the denial of the motion for new trial was not an abuse of discretion and therefore must be upheld. *Kitchens v. State,* 228 Ga. 624 (4) (187 SE2d 268).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED SEPTEMBER 28, 1983 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Christopher A. Townley,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.