68408. NOLES v. THE STATE.
(322 SE2d 910)

Carley, Judge.

Appellant was tried before a jury and convicted of child molestation. His motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. The trial court did not err in ruling the eight-year-old victim competent to testify. *Pendergrass v. State*, 168 Ga. App. 190 (1) (308 SE2d 585) (1983).

2. The victim was in the custody of the Department of Family and Children Services (DFCS). DFCS denied appellant's counsel the opportunity to interview the victim prior to trial. Appellant's motion to secure an interview with the child was denied by the trial court. There was no error. *Pendergrass v. State*, supra at 190 (2). See also *Dover v. State*, 250 Ga. 209 (296 SE2d 710) (1982).

3. Venue was sufficiently proved. See *Bee v. State*, 168 Ga. App. 75 (1) (308 SE2d 420) (1983); *Melton v. State*, 168 Ga. App. 112 (308 SE2d 378) (1983), aff'd 252 Ga. 97 (311 SE2d 471) (1984); *Stevens v. State*, 167 Ga. App. 744 (1) (307 SE2d 535) (1983).

4. Appellant objected to a portion of the State's closing argument. The trial court sustained the objection, instructed the jury to disregard the argument, and ordered the assistant district attorney "to refrain from going into it further." Appellant never moved for a mistrial or requested further curative actions. On appeal, appellant asserts that the trial court erred in failing to grant a mistrial on its own motion.

This enumeration is without merit. "A sustained objection to an improper question, answer, or remark by opposing counsel without a motion for mistrial, will not constitute grounds for reversal especially where the improper matter has been stricken with curative instructions. [Cits.]" *Williams v. State*, 151 Ga. App. 765, 769 (261 SE2d 487) (1979). See also *White v. State*, 159 Ga. App. 545 (284 SE2d 76) (1981).

5. Over appellant's hearsay objection, the victim's teacher was allowed to give testimony concerning a conversation that she had had with the victim. According to the teacher, in that conversation the victim had described certain acts of molestation that she had suffered and attributed those acts to appellant. The testimony was offered and admitted as original evidence to explain the teacher's subsequent "conduct" in making a report to DFCS concerning the victim. See OCGA § 24-3-2. The State takes the position that, insofar as evidence may be relevant to explain *any* conduct, the admissibility of that evidence pursuant to OCGA § 24-3-2 is conclusively established. Thus, according to the State, since the teacher's testimony concerning the conversation "explains" her conduct, it is admissible and no error is shown. See generally *Bramlett v. State*, 162 Ga. App. 584, 585 (3) (291 SE2d 739) (1982).

However, the admissibility of evidence under OCGA § 24-3-2 is not a determination based only on its relevancy to explain conduct. There is a further requirement: The conduct to be explained must *itself* be a relevant issue in the case. "To prevent an overly broad interpretation of [OCGA § 24-3-2], we adopt the following: When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2.]" *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). "If the hearsay rule is to remain a part of our law, then OCGA § 24-3-2 ([cit.]) must be contained within its proper limit. Otherwise, the repetition of the rote words 'to explain conduct' can become imprimatur

for the admission of rumor, gossip, and speculation." *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984).

The State has not attempted to demonstrate why the *conduct* of the teacher in calling DFCS was a relevant issue in the trial of the case, such that an explanation in the form of the specifics of the victim's out-of-court conversation was necessary. No such reason is readily apparent. "At heart, a criminal prosecution is designed to find the truth of what *a defendant* did, and, on occasion, of *why he did* it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something." (Emphasis supplied.) *Teague v. State*, supra at 536. The Supreme Court has "gone to some length to restate and reaffirm the rule of *Momon. . . .* Prosecutors and trial judges would be well advised to walk wide of error in the proffer and admission of evidence under the provisions of OCGA § 24-3-2 ([cit.])." *Teague v. State*, supra at 537 (3). Accordingly, we are compelled to hold that the admission of the testimony in the instant case was error. *Momon v. State*, supra; *Teague v. State*, supra.

The question remains, however, whether the erroneous admission of the testimony was harmful. Our review of the transcript demonstrates that the victim herself gave direct testimony concerning the acts of molestation and that she identified appellant as the perpetrator. The victim's testimony was a factual rendition of substantially the same events which had previously been introduced into the case by the teacher's testimony. "The fact that inadmissible evidence to which objection is interposed at trial is cumulative of other competent, admissible evidence *is* a factor to be considered on appellate review in determining whether the admission thereof is reversible error. [Cit.]" (Emphasis in original.) *Parker v. State*, 162 Ga. App. 271, 273 (290 SE2d 518) (1982). See also *Teague v. State*, supra at 537 (2). Furthermore, the State also introduced the testimony of a previous young victim of sexual abuse who identified the appellant as the perpetrator. "In child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. [Cits.]" *Ballweg v. State*, 158 Ga. App. 576, 577 (281 SE2d 319) (1981). Therefore, having reviewed the entire transcript, we find that, under the "totality of the evidence," it is highly probable that the erroneous admission of the teacher's testimony did not contribute to the jury's verdict. *Williams v. State*, 148 Ga. App. 55, 58 (250 SE2d 848) (1978).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Brian D. Lockerbie*, for appellant.

*Arthur E. Mallory III*, District Attorney, *Steven M. Tanner*, Assistant District Attorney, for appellee.