### A90A0514. CARTER v. THE STATE.
(393 SE2d 746)

SOGNIER, Judge.

Shelby Carter was convicted on two counts of child molestation, two counts of aggravated child molestation, and one count of cruelty

to children for incidents involving his eight-year-old son and eleven-year-old stepdaughter. He appeals.

1. Appellant enumerates as error the trial court's decision to allow a twenty-minute recess during the State's examination of his son, during which the prosecutor conferred with the witness privately. The transcript reveals that at trial appellant interposed no objection to either the recess or the conference, thereby waiving his right to object on appeal. *Fancher v. State*, 190 Ga. App. 438, 439 (1) (378 SE2d 923) (1989). Further, given that the State is permitted to confer privately with a witness before the witness begins testifying, *Ross v. State*, 254 Ga. 22, 28 (a) (326 SE2d 194) (1985), we find no abuse of discretion in the trial court's decision to allow the conference at issue, especially given the tender age of the victim, the nature of the charges, and the child's admitted fear of appellant. To the extent that the witness altered his testimony after the recess, the credibility of his testimony was for the jury to determine. OCGA § 24-9-80. We find no error.

2. In two enumerations appellant contends the trial court erred by finding three juvenile witnesses competent to testify. Specifically, he maintains that the court improperly applied OCGA § 24-9-5 (b) (authorizing admission of testimony by child who is victim of or witness to any crime) as the standard for admission of the witnesses' testimony, and that the witnesses were allowed to testify without a clear demonstration that they understood the need to tell the truth.

The transcript reveals that the trial court examined each witness at the beginning of his or her testimony to ascertain that the child knew the difference between telling the truth and telling a lie and understood why telling the truth was better than telling a falsehood, and obtained from each witness a promise to tell the truth in response to questions from counsel. This examination by the trial court "was sufficient to determine that [the witnesses] understood the nature of an oath, and it was not an abuse of discretion to allow [them] to testify. [Cits.]" *Pendergrass v. State*, 168 Ga. App. 190 (1) (308 SE2d 585) (1983). Appellant's contention that the trial court erroneously relied on OCGA § 24-9-5 (b) is without merit, as that provision became effective on April 19, 1989 (Ga. L. 1989, p. 1639, §§ 1, 3), and appellant was tried in May 1989.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 1, 1990.

*Tyron C. Elliott*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Peter J.*

Skandalakis, Assistant District Attorney, for appellee.

