A96A1707, A96A1813. IN THE INTEREST OF J. J., a child (two cases).
(484 SE2d 681)

POPE, Presiding Judge.

J. J., who was four years old at the time of hearings held in December 1995 and January 1996, has lived with the Lamberts, her maternal great aunt and uncle, for most of her life. Wanting to adopt J. J., the Lamberts filed a petition to terminate the parental rights of her father and mother. The Department of Family & Children Services ("DFCS") opposed the petition, taking the position that the father, who already has custody of J. J.'s two siblings, is a fit parent and should be reunited with J. J. The juvenile court nonetheless granted the Lamberts' petition and terminated the rights of both parents. The father appeals this decision in Case No. A96A1707, and the mother appeals in Case No. A96A1813. Concluding that the evidence is insufficient to support the juvenile court's determination that the father is an unfit parent, we reverse the termination of his parental rights in Case No. A96A1707. The evidence is sufficient to support the juvenile court's conclusion that the mother is unfit. The court's subsequent conclusion that it is in J. J.'s best interest to terminate the mother's parental rights was based on its determination that it was in J. J.'s best interest to stay with the Lamberts permanently, however. As this outcome is not possible in light of our reversal in Case No. A96A1707, we vacate the juvenile court's decision in Case No. A96A1813, and remand to allow the court to consider whether it is in J. J.'s best interest to terminate the mother's parental rights if the father's rights are not terminated.

1. The parents first challenge the Lamberts' standing to bring a petition to terminate their parental rights. Any person with knowledge of the facts may file a deprivation petition under OCGA § 15-11-24, however, and OCGA § 15-11-82 (b) makes this provision applicable to petitions to terminate parental rights as well.

2. The parents have three children: A. J., born in 1989; M. J., born in 1990; and J. J., born in 1991. In early 1992, while the father was incarcerated, the mother left the two older children with their paternal grandparents and J. J. with the Lamberts.

The father was in and out of jail until late 1993, on charges ranging from shoplifting to throwing eggs at cars to forging a $200 check. He acknowledges that he drank and smoked marijuana heavily during this period. He did not make any child support payments until 1994 and failed to make regular child support payments until auto-

matic payroll deductions began in July 1995.

In the past two years, however, the father has made significant progress in his life. He has a new wife who is stable and supportive, and he no longer drinks heavily or smokes marijuana. He has worked for the same company since September 1994 and has been promoted to supervisor. He has stayed out of legal trouble and has passed random drug tests. He has attended parenting/nurturing classes with his new wife, and has been visiting J. J. regularly (though it does not appear that they have "bonded"). In short, with the exception of the lack of "bonding,"[1] he has fully complied with the Case Plan worked out with DFCS for more than a year. Moreover, the two older children have lived with the father since April 1995 with no apparent problems, and DFCS considers him to be a fit parent.

In order to terminate a parent's rights, there must first be clear and convincing evidence of parental misconduct or inability; only then may the court consider whether termination of parental rights is in the best interest of the child. OCGA § 15-11-81 (a). Moreover, past unfitness alone is insufficient; clear and convincing evidence of *present* unfitness is required. *In re A. J. M.*, 169 Ga. App. 477, 478 (313 SE2d 495) (1984).

Here, we have a father who is presently complying with his DFCS Case Plan and raising J. J.'s two older siblings. Despite his past misconduct, the only evidence of the father's *present* unfitness is the expert opinion of a psychologist (based on the results of a psychological test, a brief meeting with the father, and a brief viewing of the father interacting with J. J. in an artificial setting) that the father is cynical, has an anti-social personality, has "poor parenting skills," and is not a good role model. The psychologist noted that the father did not have a "full-blown" personality disorder, however, and acknowledged that the father had improved and could improve in the future. The psychologist's opinion is a factor to be considered. But in light of the father's current behavior, it simply does not constitute clear and convincing evidence of the type of parental unfitness which will justify the loss of his child. Accordingly, the trial court's finding of unfitness on the part of the father cannot be upheld, and its judgment terminating the father's parental rights is reversed.

3. This does not mean that J. J. must immediately be taken from the custody of the Lamberts — as long as the Lamberts are willing to cooperate with a plan to gradually transfer physical custody to the father over the next six months to a year. On remand, the court and the parties, with the help of experts if desired, should develop such a

---

[1] While bonding is important, it is impossible without the cooperation of the Lamberts; and the record shows the Lamberts have withheld their cooperation in the reunification process up to this point.

plan.

4. Unlike the father, the mother continues to be unstable and does not provide any support for J. J. Thus, the trial court's finding of unfitness on her part is supported by the evidence.

But the trial court's decision to terminate the mother's rights was based on its conclusion that it was in J. J.'s best interest to stay with the Lamberts. In light of our decision in Division 2, this is not possible. We therefore remand Case No. A96A1813 as well, to allow the court to reconsider whether termination of the mother's parental rights is in J. J.'s best interest if the father's rights are not terminated.

*Judgment in Case No. A96A1707 reversed and case remanded. Judgment in Case No. A96A1813 vacated and case remanded. Andrews, C. J., and Smith, J., concur.*

ON MOTION FOR RECONSIDERATION.

In their motion for reconsideration, the Lamberts ask us to vacate our decision because of developments which have occurred since the hearings in this case. We deny this request, but we note the limited nature of our holding: the Lamberts failed at the prior hearings to establish by clear and convincing evidence that the father was an unfit parent at that time. If circumstances have changed, the Lamberts may file a petition for relief under OCGA § 15-11-42 (b) & (c).

DECIDED MARCH 5, 1997 —
RECONSIDERATION DENIED MARCH 25, 1997.

*Burkhalter & Stephens, Terri B. Stephens*, for appellant (case no. A96A1707).

*Richard E. Barnes*, for appellant (case no. A96A1813).

*Farless & Newton, William H. Newton III, James P. Orr, Harl C. Duffey III, Lord, Bissell & Brook, Terry R. Howell*, for appellee.

*Brown, Hendrix & Sullivan, Michael A. Sullivan, George Spears*, amici curiae.