A98A1412. IN THE INTEREST OF K. R. C., a child.
(510 SE2d 547)

Judge Harold R. Banke.

C. C., the natural mother of K. R. C., appeals the juvenile court's decision to terminate her parental rights. K. R. C.'s natural father is deceased and she has not been adopted by C. C.'s current husband. C. C. enumerates four errors on appeal.

After two days of hearings at which the court-appointed special advocate (CASA), C. C., and the Department of Family & Children Services (DFCS) were all represented by counsel and K. R. C. was represented by her guardian ad litem, the juvenile court granted C. C.'s motion for a directed verdict, which was joined in by DFCS. Later, however, the trial court granted CASA's motion for a new trial, and the case proceeded to a judgment on the merits terminating C. C.'s parental rights to K. R. C.

K. R. C. had a traumatic infancy and early childhood. She suffered blood clots on her brain and hemorrhages in her eyes when one of C. C.'s boyfriends abused her. K. R. C. had six hospital admissions (three of which concerned blows to her head). In addition to the regular pediatric care, K. R. C. also visited emergency rooms on several different occasions because she swallowed Pine Sol cleaner, fingernail polish remover, and a coin which required surgery to remove, fractured her arm, fell out of a chair and hit her head, cut her thumb in a sliding door, and cut her hand severely. K. R. C. also had surgeries connected to the blood clots on her brain.

In May 1994, M. C., K. R. C.'s stepfather, while in her pediatrician's office, picked up K. R. C. and threw her several feet into a chair knocking her unconscious. In 1995, M. C. pleaded guilty to simple battery for these acts. The record also shows that in 1991 M. C. pleaded guilty in another state to abusing his ten-month-old son and as a result his parental rights to his three children were terminated.

In August 1994, the juvenile court adjudicated K. R. C. to be deprived and removed her from her mother's home finding her to be at risk from her stepfather because of his actions in May 1994. Additionally, the court found that C. C. disregarded this act of cruelty and possessed limited will or ability to protect K. R. C. as evidenced by C. C.'s earlier failure to protect K. R. C. from abuse by members of her household.

The evidence further showed that the family home was in such

filthy condition that a younger child was removed. Additionally, the evidence showed that C. C.'s family was in serious economic difficulty; their electricity and telephone had been cut off and they had been behind on their rent. They also failed to pay the child support required by the reunification plans.

Based on this evidence, the juvenile court concluded that C. C.'s lack of parental care and control were the cause of K. R. C.'s deprivation and that C. C. suffered from a mental or emotional deficiency that rendered her incapable of caring for K. R. C. Further, C. C. did not prevent others from injuring the child and continued to deny responsibility for doing so. The court also found that the large number of surgeries, accidents, and emergency room visits were evidence of physical neglect. Based on the evidence of the extended period of deprivation and the apparent inability or unwillingness of C. C. to make progress, the court concluded that K. R. C.'s deprivation was likely to continue or not be remedied. Accordingly the court found it was in the best interest of the child to terminate C. C.'s parental rights. *Held*:

The standard of review is whether, after viewing the evidence in a light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights should have been lost. *In the Interest of J. H.*, 210 Ga. App. 255, 258 (1) (435 SE2d 753) (1993). On appeal, this Court defers to the trial court's fact findings and will affirm unless the appellate standard is not met. *In the Interest of R. N.*, 224 Ga. App. 202 (480 SE2d 243) (1997). "An appellate court determines sufficiency of the evidence; it does not weigh evidence or determine witness credibility." *In the Interest of R. P.*, 216 Ga. App. 799-800 (1) (456 SE2d 107) (1995).

1. As the evidence plainly shows that for much of her young life K. R. C. has been the victim of an extraordinary number of accidents and intentional physical abuse, we are satisfied that the evidence supports the juvenile court's finding that termination of C. C.'s parental rights was in K. R. C.'s best interest. Our law does not demand that K. R. C. remain in this family until she suffers the seemingly inevitable serious injury or death. See *In the Interest of E. P. N.*, 193 Ga. App. 742, 748-749 (388 SE2d 903) (1989).

The unappealed deprivation order of the juvenile court was sufficient to establish that K. R. C. was deprived within the meaning of OCGA § 15-11-81 (b) (4) (A) (i). *In the Interest of A. M. B.*, 219 Ga. App. 133, 134 (464 SE2d 253) (1995). The juvenile court properly considered C. C.'s past conduct in determining whether K. R. C.'s deprivation was likely to continue. *In the Interest of J. L. Y.*, 184 Ga. App. 254, 257 (2) (361 SE2d 246) (1987). The evidence that authorized the juvenile court to determine that K. R. C. was deprived and that her

deprivation was likely to continue is also sufficient to provide clear and convincing evidentiary support that her continued deprivation will cause or is likely to cause her serious physical, mental, emotional, or moral harm. OCGA § 15-11-81 (b) (4) (A) (iv); *In the Interest of D. T.*, 221 Ga. App. 328, 329 (1) (471 SE2d 281) (1996). This evidence together with the testimony from K. R. C.'s therapist that K. R. C.'s continued uncertainty about her status was harmful to her was sufficient to warrant termination of C. C.'s parental rights. *In the Interest of E. P. N.*, 193 Ga. App. at 747-748 (2) (b) and (c).

C. C.'s argument raises issues not included within the enumeration of error. Enumerations of error, however, cannot be enlarged to include other issues not alleged. *Ailion v. Wade*, 190 Ga. App. 151, 154-155 (3) (378 SE2d 507) (1989). Accordingly, these other arguments cannot be considered. *Sanders v. Hughes*, 183 Ga. App. 601, 604 (4) (359 SE2d 396) (1987).

2. C. C. contends the trial court erred by appointing counsel to represent the CASA in this case. This argument is unpersuasive. The CASA was authorized to bring this action because any person with knowledge of the facts may file a deprivation petition. *In the Interest of J. J.*, 225 Ga. App. 682 (1) (484 SE2d 681) (1997). Consequently, counsel could be appointed for the CASA under OCGA § 15-11-28 (d), which authorizes the juvenile court, on its own motion, to appoint counsel for such purposes if the district attorney is unable to assist. See also OCGA §§ 15-11-30 (b); 15-11-85.

3. C. C.'s allegation that the juvenile court erred by denying her objection to K. R. C.'s therapist's testimony about her treatment of K. R. C. is also without merit. Because K. R. C. was in the legal custody of DFCS, C. C. lacked standing to invoke the psychologist/patient privilege. See *Pendergrass v. State*, 168 Ga. App. 190, 191 (2) (308 SE2d 585) (1983).

4. C. C.'s allegation that the juvenile court erred by granting the CASA's motion for a new trial is without merit. Pretermitting whether the juvenile court properly granted a new trial, it is obvious that the court merely reconsidered its earlier order and allowed the CASA to present additional evidence. See *In the Interest of J. O.*, 191 Ga. App. 521, 522 (1) (382 SE2d 214) (1989), overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106, 107 (454 SE2d 134) (1995). Given that the nature of these proceedings is the protection of the children whose well-being is threatened, the juvenile court has inherent authority under OCGA § 15-11-42 to vacate or modify its earlier order. Thus, we find no error in allowing the CASA to continue these proceedings.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

*Turner & Willis, Brett D. Turner, Christopher W. Willis*, for appellant.

*Nicki N. Vaughan, Charles W. Smith, Jr., James D. Parks*, for appellee.