A00A1312. ABERNATHY v. THE STATE.
(536 SE2d 289)

PHIPPS, Judge.

Following the denial of his motion for new trial, Robert Abernathy appeals his conviction of child molestation of his daughter. He complains that he was denied the right to interview the child before trial. He also contends that the trial court erred in denying his motion for new trial based on ineffective assistance of trial counsel. We find no error and affirm.

The molestation became known to school authorities after the victim informed her boyfriend of the abuse. Although she recanted her accusations against Abernathy after being removed from her home and placed in foster care, evidence that he had molested her was presented to the jury through an audiotape of her interview by authorities. The victim's brother testified that he too had been sexually abused by Abernathy.

1. Abernathy first contends that the trial court erred in denying his motion for a court order allowing him to interview the victim before she testified at trial.

Before trial, the Department of Family & Children Services (DFACS) was made the child's legal custodian. A guardian ad litem was also appointed for her. Abernathy filed pretrial motions to com-

---

pel access to the victim because of her recantation. In the motions, he sought a court order directing DFACS to permit defense counsel to interview the child. DFACS filed a response opposing the motions.

At the beginning of the trial, the court ruled that whether Abernathy should be allowed to interview the child was a question properly addressed to the child's custodian. We find no error. *Rutledge v. State*[1] holds that a witness cannot be compelled to submit to a pretrial interview. *Pendergrass v. State*[2] holds that when the witness is a child, DFACS, acting as the child's legal custodian, may make this decision.

On appeal, Abernathy argues that the decision of whether to allow an interview of the child should have been made by her guardian ad litem because DFACS, as an arm of the state, was operating under a conflict of interest. This conflict-of-interest argument was, however, rejected in *Pendergrass*.[3] In *Sosebee v. State*,[4] another child molestation case, the trial court did perceive that DFACS had a conflict of interest and appointed a guardian ad litem to decide whether the defense should have been given access to the child. But in *Sosebee* this court did not mandate that procedure; in this case Abernathy sought to compel DFACS to make the decision. Therefore, he will not be heard to complain that the matter was not referred to the guardian ad litem.

2. Abernathy claims that his trial counsel was ineffective in failing to introduce expert testimony regarding improper or suggestive techniques used by prosecution witnesses in interviewing the victim.

At the time of Abernathy's trial, this court's decision in *Barlow v. State*[5] prohibited introduction of such testimony. Although *Barlow* was subsequently reversed by the Supreme Court of Georgia,[6] we cannot say that defense counsel's failure to anticipate this change in Georgia case law constituted ineffective assistance.

3. Abernathy also claims that his trial attorney was ineffective in failing to object to improper comments by the prosecuting attorney in closing argument.

Because closing arguments were not transcribed, we must affirm the trial court's resolution of this issue against Abernathy.[7]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

---

[1] 245 Ga. 768, 770 (2) (267 SE2d 199) (1980).

[2] 168 Ga. App. 190 (2) (308 SE2d 585) (1983).

[3] Id. at 191.

[4] 190 Ga. App. 746, 748 (3) (380 SE2d 464) (1989).

[5] 229 Ga. App. 745, 747 (2) (494 SE2d 588) (1997).

[6] *Barlow v. State*, 270 Ga. 54 (507 SE2d 416) (1998).

[7] *Whiteley v. State*, 188 Ga. App. 129, 132 (2) (372 SE2d 296) (1988).

DECIDED JUNE 23, 2000.

*Gerard P. Verzaal, Daniel L. Sproles,* for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney,* for appellee.