A00A2026, A00A2027. IN THE INTEREST OF J. L. K. et al., children (two cases).
(539 SE2d 507)

PHIPPS, Judge.

In 1993, the Georgia Department of Human Resources, acting through the Ware County Department of Family & Children Services (DFACS), instituted this proceeding to terminate the parental rights of the mother of J. L. K., J. P. M., and P. S. M. and the parental rights of the father of J. P. M. and P. S. M. In unappealed orders, the juvenile court found the children to be deprived. After attempts at parental reunification proved unsuccessful, the juvenile court terminated both parents' rights to the children in 1999.

In Case No. A00A2026, the father appeals. He contends that the evidence is insufficient to show that the children are currently deprived or that, with respect to him, the cause of past deprivation is likely to continue. In Case No. A00A2027, the mother appeals. She contends that the evidence is insufficient to show a present lack of parental ability by her. We find the evidence sufficient as to both parents and affirm.

When DFACS initially took the children into custody, they were approximately three months, fourteen months, and three years old. They were removed from appellants' home because they were living in unsanitary conditions, and parental neglect caused the two younger children to suffer from malnutrition, dehydration, failure to thrive, and hypothermia. The youngest child was described as a "starvation baby," whose condition was so severe that he might have died had he not received medical treatment the day he was taken into custody.

A psychologist who conducted a psychological examination of the mother in 1998 testified that she has the mental capacity of a ten-year-old, suffers from depression, and is incapable of functioning as a primary parent for her children. The father has an extended history of alcoholism and was blinded in an alcohol-related fight. His dependency on others continues unabated due to his unwillingness to learn handicap-coping skills. He acknowledged that if he were given custody of the children, he would have to rely on someone else to care for them, but he has not identified anyone to function in that capacity. He is divorcing his present wife and currently resides alone.

Evidence shows that neither parent satisfactorily complied with

family reunification case plans. The father seldom visited the children, and he admitted that "he just hadn't done" things he needed to do to be present for visitation sessions. Overnight visits by the children with the mother were terminated because of physical abuse, which resulted in her criminal conviction of cruelty to children.

Because of their early childhood neglect, the children now suffer from post-traumatic stress disorders and have other behavioral problems. As a result, they require caregivers with heightened parenting skills.

> Determining whether parental rights should be terminated involves a two-step analysis. In the first step, the court must find parental misconduct or inability. That finding must be supported by clear and convincing evidence that: (i) the child is deprived; (ii) lack of proper parental care or control caused the deprivation; (iii) the cause of the deprivation is likely to continue; and (iv) continued deprivation is likely to cause serious physical, mental, emotional or moral harm to the child. [Cits.][1]

Grounds for termination of parental rights include a medically verifiable health deficiency which prevents the parent from adequately providing for the children's needs, excessive use of intoxicating liquors with the effect of rendering the parent incapable of adequately providing for the children, and physical abuse or neglect of the children.[2] Failure to comply with a family reunification case plan also supports termination of parental rights.[3]

Where parental rights have been terminated, the standard of appellate review is whether after reviewing the evidence in the light most favorable to the Department of Human Resources, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.[4] Viewed in accordance with these principles, the evidence in this case supports findings that both parents were, are, and will continue to be unable to care for the children and that the conditions of deprivation in existence when the children were in the parents' care would likely continue if the children were reunited with either parent. The unappealed deprivation orders establish that the children are deprived.[5] Thus, termination of appellants' parental rights was warranted.

---

[1] *In the Interest of C. P.*, 242 Ga. App. 698, 702 (1) (531 SE2d 117) (2000).
[2] OCGA § 15-11-94 (b) (4) (B); see *In the Interest of K. M.*, 240 Ga. App. 67, 68 (522 SE2d 667) (1999); *In the Interest of K. R. C.*, 235 Ga. App. 354, 355 (1) (510 SE2d 547) (1998).
[3] *In the Interest of B. M. L.*, 239 Ga. App. 511, 512 (521 SE2d 448) (1999).
[4] *In the Interest of K. W.*, 233 Ga. App. 140, 141 (2) (503 SE2d 394) (1998).
[5] *In the Interest of K. R. C.*, 235 Ga. App. 354, 355 (1) (510 SE2d 547) (1998).

*Judgments affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 12, 2000.

*McGee & McGee, James B. McGee III*, for appellant (case no. A00A2026).

*William R. Little*, for appellant (case no. A00A2027).

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Charles R. Reddick, John C. Shelton*, for appellee.