A07A1368. NEWSOME v. THE STATE.
(651 SE2d 764)

BERNES, Judge.

A Laurens County jury found Ricky Lee Newsome guilty of two counts of distributing methamphetamine in violation of the Georgia Controlled Substances Act. On appeal, Newsome contends that the trial court erred in overruling his objection to certain testimony about other unrelated drug cases involving confidential informants. Newsome contends the challenged testimony was irrelevant. Finding no harmful error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on December 20, 2004 and again on March 17, 2005, the

Laurens County Sheriff's Department conducted controlled buy transactions during which a confidential informant purchased methamphetamine from Newsome. The officers provided the informant with transmitting and recording devices to record the exchanges.

Recordings from both transactions were played for the jury. The recording of the December 20 transaction was incomplete and largely unintelligible because the recording device, which had been concealed on the informant, loosened during the exchange. The transmitting device, however, continued to operate properly during both transactions. At trial, the investigating officer testified and summarized the substance of the exchanges that he heard via the transmitting device. The informant also testified at trial and related the circumstances surrounding her purchases of the methamphetamine from Newsome.

Newsome's sole contention on appeal is that the trial court erred in admitting the following testimony elicited during the prosecutor's redirect examination of the investigating detective:

> State: Have you seen cases proceed to trial and be tried based solely on the testimony of the confidential informant who made the controlled buy before there was such technology or when such technology was not customarily used ten, twelve, fifteen years ago?
> Officer: Yes, sir. I'm aware that those types of cases ... [were] common before the type of recording devices . . . [were] available that could be concealed on a person.

The trial court admitted the testimony over Newsome's objection, finding that the testimony was relevant in light of Newsome's earlier cross-examination of the detective on the issue of the failed recording device. Citing OCGA § 24-2-1,[1] Newsome contends the trial court's ruling was erroneous because the testimony did not concern the issue of Newsome's guilt or innocence in this case, but rather pertained to police techniques used in prior unrelated cases.

Pretermitting whether the trial court erred in its ruling, we find it highly unlikely that the challenged testimony contributed to the verdict in view of the overwhelming evidence of guilt. The jury heard the unrebutted testimony of the informant who purchased the methamphetamine from Newsome and from the investigating detective who heard Newsome negotiate with and sell the drugs to the informant. The jury also was presented with an *intelligible* recording of

---

[1] OCGA § 24-2-1 states that "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded."

the March 2005 transaction. It is axiomatic that "[h]arm as well as error must be established by an appellant in order to secure a reversal of his conviction." *Rutledge v. State*, 245 Ga. 768, 771 (3) (267 SE2d 199) (1980). Since Newsome has failed to show any harm arising from the alleged error, we affirm his conviction.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 2007.

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.

*Louie C. Fraser, District Attorney, Peter F. Larsen, Chad A. Pritchett, Assistant District Attorneys*, for appellee.