## A92A1827. BRYANT et al. v. CARVER STATE BANK.

(428 SE2d 621)

BLACKBURN, Judge.

The appellants, Euris Bryant and Lois Russell, commenced this action against Carver State Bank, stemming from their unsuccessful attempt to obtain a loan secured by certain real estate in Savannah, Georgia. Following entry of a pretrial order identifying the bank's conversion of loan commitment fees and breach of contract as the appellants' causes of action, the matter proceeded to trial, during which the trial court directed a verdict for the bank. This appeal followed.

In early 1981, the appellants decided to renovate some property they owned for residential and rental purposes. They contracted with O. J. Wiles & Company to help them obtain construction and permanent financing on the property, and ultimately on July 20, 1981, Carver State Bank offered a six-month commitment for loans of $20,000 on one house and $21,000 on another. These commitment offers, however, specified that the loans were approved subject to several conditions, including rehabilitation of the houses by December 15, 1981, and payment of nonrefundable loan commitment fees totaling $1,575 within ten days of the offer. The appellants signed these loan commitment offers and paid the specified fees.

In October 1981, O. J. Wiles informed the appellants that he had been unable to obtain a construction loan with another bank, and he intended to try to arrange such with Carver State Bank. At that time, however, Carver State Bank did not offer such construction loans. Consequently, the property was not repaired by the December 1981 deadline, but on January 12, 1982, Carver State Bank extended the loan commitments and closing date until March 20, 1982. This extension, however, was subject to the same conditions as the original loan commitments, except for payment of loan commitment fees.

When the appellants, through O. J. Wiles, subsequently requested yet another extension, Carver State Bank refused, unless the appellants updated their entire loan commitment fees. The appellants submitted a payment, but on March 24, 1982, the bank returned their check and informed them that the bank would be unable to grant their loan request because a review of their credit history had revealed delinquent mortgages on the property in question.

During the trial, the appellants acknowledged that they had understood that the loan commitment fees were nonrefundable. Further, they acknowledged understanding that the bank's loan commitments had been subject to the satisfaction of certain conditions, one of which was the repair of the property, prior to the expiration of the loan commitment period. Lastly, the appellants admitted that those conditions were not met. However, they felt aggrieved due to the fact that Carver State Bank's initial loan commitment letters had indicated that it had received approval for permanent financing from the Federal National Mortgage Association (FNMA), which had influenced their decision to agree to pay the nonrefundable loan commitment fees.

1. The appellants contend that the trial court erred in excluding the testimony of Rudolph A. Payton (the son of one of the appellants), who would have testified about visiting the FNMA office in Atlanta in 1982 and being told by the receptionist that no loan approval request by Carver State Bank was on file regarding the appellant's property. The trial court excluded the testimony because the witness was not named on the pretrial order, and because it constituted inadmissible hearsay.

"The decision whether to allow a party to introduce at trial (either in the case-in-chief or in rebuttal) the testimony of a witness not named in the pretrial order is a matter within the discretion of the trial court. [Cit.]" *Nease v. Buelvas,* 198 Ga. App. 302, 303 (401 SE2d 320) (1991). In the instant case, Payton was not included in the pretrial order, and the appellants did not call him as a witness until the end of the second day of trial. Counsel for the appellants explained the omission by stating that he had not been aware of the witness until the day before. Considering the surprise to the bank that would have resulted from allowing the testimony about a conversation with an unknown receptionist ten years earlier, the trial court did not abuse its discretion in excluding that testimony.

Further, the proffered testimony was, in any event, inadmissible hearsay. The appellants contend that the otherwise hearsay statement of the receptionist would be admissible under OCGA § 24-3-2 and *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982), to explain the conduct of the witness in later advising his mother and aunt to contact their Congressman regarding the banking practices of Carver State Bank. However, before such hearsay evidence becomes admissible for the purpose of showing conduct, that conduct must be a relevant issue in the case. *Noles v. State,* 172 Ga. App. 228 (322 SE2d 910) (1984). Payton's conduct cannot reasonably be considered relevant to the issues of whether Carver State Bank converted the loan commitment fees paid by the appellants or whether the bank breached the loan commitment agreements.

2. The appellants also contend that the trial court erred in directing a verdict for the bank, on the grounds that the evidence, including the excluded testimony of Payton, was sufficient to create issues of fact regarding their conversion and breach of contract claims against Carver State Bank. We disagree.

In order to prevail on their conversion claim, the appellants were required to show that the bank had lawfully gained possession of the loan commitment fees, that the appellants retained title and right of possession of the money, that the appellants demanded return of the money, and that the bank refused to return it. *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497 (300 SE2d 328) (1983). Concerning their breach of contract claim, the appellants had to show their performance of the conditions precedent that would give rise to the bank's obligation to make the loans. *State Farm Mut. Auto. Ins. Co. v. Sargent*, 162 Ga. App. 127, 128 (354 SE2d 833) (1982).

In this case, it was uncontroverted that the appellants understood that the requisite loan commitment fees paid to Carver State Bank were nonrefundable; that they understood that the loan commitments were conditioned upon the rehabilitation of the property in question within a certain date; and that the repair of the property never occurred by the deadline. A directed verdict is proper only where there is no conflict in the evidence as to any material issue, and the evidence, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a). See generally *Blalock v. Central Bank of Ga.*, 170 Ga. App. 140 (316 SE2d 474) (1984). The evidence in this case demanded a finding that the appellants surrendered their title and right to the loan commitment fees when they paid them pursuant to the agreements which clearly provided that such fees were nonrefundable. The evidence further demanded a finding that the appellants did not satisfy several condition precedents to the loan commitments, the most important being the rehabilitation of the property in question. Under these circumstances, the trial court properly directed verdict for the bank.

The appellants emphasize that in the initial loan commitment offers, Carver State Bank indicated that it had obtained approval from the FNMA for permanent financing on the appellants' property. They contend that this assurance of FNMA approval influenced their decision to accept the terms of the loan commitment offers and pay the nonrefundable fees. However, inasmuch as the bank, and not the FNMA, was making the commitment for the loans, and would ultimately be obligated to make the loans upon the appellants' performance of the specified conditions within the commitment period, the significance the appellants placed upon the information regarding FNMA approval fails to create an issue of material fact in this case.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED MARCH 9, 1993 —

*Beckmann & Pinson, Walter W. Ballew III*, for appellants.
*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Douglas M. Robinson*, for appellee.