United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-30766

TOMMY H. CONDREY; ET AL.,

Plaintiffs,

versus

SUNTRUST BANK OF GEORGIA: ET AL.,

Defendants,

HARRELL EQUIPMENT COMPANY, INC.,

Defendant – Cross Claimant – Appellant,

versus

SUNTRUST BANK OF GEORGIA,

Defendant – Cross Defendant – Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, Chief Judge, and BARKSDALE and STEWART Circuit Judges.

CARL E. STEWART, Circuit Judge:

Harrell Equipment Company, Inc. ("Harrell Equipment") appeals the district court's grant of

summary judgment for SunTrust Bank of Georgia ("SunTrust") regarding a cross-claim brought by

Harrell Equipment against SunTrust alleging fraud, conversion, tortious interference with property

rights, detrimental reliance, and fraudulent breach of contract.  For the following reasons, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Harrell Equipment is a Georgia-based agricultural equipment manufacturer.  SunTrust was Harrell Equipment's bank during the following series of events:

In March of 1989, Harrell Equipment granted SunTrust's predecessor-in-interest a first-in-priority security interest in all of its immovable and movable property, both current and after-acquired.  For the better part of the next decade, the parties' business relationship remained amicable.  In 1997, Harrell Equipment began to experience the slump in the agriculture industry that was occurring.  Therefore, SunTrust told Harrell Equipment that in order to receive further financing, Harrell Equipment would have to reduce its outstanding debt, lower its expenses and sell more of its inventory.  Harrell Equipment agreed and reduced its outstanding debt by $1 million;  SunTrust, however, later refused to grant Harrell Equipment further financing.  The agreement, or lack thereof, that resulted from this refusal is the subject of this appeal.

Because Harrell Equipment could not get further financing, it asserts that it considered filing for bankruptcy as its only solution.  Harrell Equipment claims that it did not file for Chapter 11 protection because SunTrust branch president, Will Sims, offered, what seemed at the time, a better deal.  Pursuant to his offer, Harell Equipment claims that SunTrust fraudulently induced it to forego plans to file for bankruptcy by entering into an oral agreement whereby Harrell Equipment would (1) allow SunTrust to take possession of all its assets; (2) SunTrust would continue to advance additional funds to Harrell Equipment to maintain business as usual; (3) Harrell Equipment would

reduce its indebteness to less than $1 million over the following year; and (4) thereafter, SunTrust would sell the remaining inventory and assets to a third party designated by Harrell Equipment.[1] The parties, however, did not reduce this agreement to writing.

On March 9, 1999, the Superior Court of Decatur County, Georgia issued a writ granting SunTrust immediate possession of all movable property of Harrell Equipment subject to its security interest. Harrell Equipment claims this action was taken in furtherance of its agreement not to file for bankruptcy; SunTrust claims this action was taken in furtherance of its role as a secured creditor. For the remainder of the year, SunTrust controlled all of Harrell Equipment's operations. The parties even executed a lease whereby SunTrust had access to Harrell Equipment's main facility in Vada, Georgia, and all movable property therein. On November 15, 1999, however, SunTrust foreclosed on Harrell Equipment's immovable property, mooting the Vada facility lease.

By the end of 1999, Harrell Equipment reduced its debt to under $1 million and claims it did so pursuant to the parties' previous oral agreement. Thereafter, abiding by the terms of the alleged agreement, Harrell Equipment selected Vada Investors Corporation ("Vada") as the third party purchaser of its inventory and assets. SunTrust, however, disagreed and instead sold Harrell

---

[1]The agreement, according to Harrell Equipment, required that the third party purchaser have at least $300,000 in new and additional capital. Further, pursuant to the sale, Harrell Equipment claims the parties agreed that the third party would pay SunTrust $250,000 in accrued interest and would assume the existing indebtedness up to $1 million, financed by SunTrust over a term not to exceed fifteen years at prevailing interest rates. Harrell Equipment also claims two alternatives to the substance of the alleged oral agreement: (1) that once the debt had been reduced, SunTrust would sell Harrell Equipment's assets to a new entity that provided evidence of $300,000 to $400,000 of operating capital and that SunTrust would finance the debt for fifteen years; and (2) that the term was to be between ten and fifteen years.

Equipment's assets and inventory to LMC Bainbridge on January 19, 2000.[2]

On February 13, 2001, Tommy H. Condrey filed suit against SunTrust, LMC Bainbridge and Harrell Equipment in the United States District Court for the Western District of Louisiana. Condrey had developed a cotton handling feeder system in the late 1980s; he called this system Modtrack. After receiving his first patent for Modtrack, Condrey entered into a licensing agreement with Harrell Equipment. This licensing agreement, and the copyrighted blueprints of the Modtrack system, formed the basis of his lawsuit. *See Condrey v. SunTrust Bank of Ga.*, 2005 WL 2857452 (5th Cir. Nov. 1, 2005). In response to Condrey's allegations, Harrell Equipment filed a cross-complaint against SunTrust asserting that SunTrust: (1) fraudulently induced Harrell Equipment to agree to the March 1999 deal because SunTrust never intended to follow through with the agreement; (2) caused Harrell Equipment to partially perform and thus detrimentally rely on SunTrust's oral promises; (3) fraudulently converted Harrell Equipment's property because SunTrust's foreclosure proceedings involved violations of state law duties regulating professional conduct in foreclosure proceedings; (4) breached its contract with Harrell Equipment when it failed to sell the assets to Vada, the third party purchaser selected by Harrell Equipment; (5) tortiously interfered with Harrell Equipment's business opportunities during its daily operation of Harrell Equipment; and (6) concealed and destroyed evidence that would support Harrell Equipment's claims.

In response to these claims, SunTrust filed for summary judgment on April 3, 2002. United States Magistrate Judge Karen L. Hayes filed a report and recommendation granting the motion on

[2]LMC Bainbridge was newly formed at the time of the Harrell Equipment sale, and was owned seventy-five percent by Lewis Carter and twenty-five percent by Billy Walker. Carter is a SunTrust customer and Walker was Harrell Equipment's former CFO who was hired by SunTrust in March of 1999 to manage Harrell Equipment's daily operations.

April 10, 2002, finding that all of Harrell Equipment's claims failed because it had suffered no damages. Further, she found that no matter to whom the assets and inventory were sold, Harrell Equipment would, nonetheless, have no interest in the assets. The fact that Harrell Equipment would rather have had Vada than LMC Bainbridge purchase its assets did not create a claim. Further, the magistrate judge found that Hugh Harrell's interest as Harrell Equipment's largest shareholder in having Vada purchase Harrell Equipment's assets and inventory and his purported loss as a result of LMC Bainbridge's purchase was immaterial, as he was not a party to the lawsuit.[3]

Even though the absence of damages rendered all of Harrell Equipment's claims meritless, the magistrate judge considered the remainder of its claims. On the fraud claim, she found that, according to Georgia law,[4] an action for fraud cannot be based on a promise that is unenforceable at the time it is made. Because the parties' agreement involved (1) a surety agreement; (2) the sale of land; (3) a commitment to lend money; and (4) the sale of goods exceeding $500 and because Georgia's statute of frauds specifically requires that these kinds of agreements be in writing, the magistrate judge recommended that the fraud claim be dismissed.

In dissecting the part performance allegation, the magistrate judge determined that the statute

---

[3]Hugh Harrell filed for bankruptcy in June of 1999. In those bankruptcy proceedings, he stated that his seventy percent interest in Harrell Equipment was worthless. In this case, however, he claims that when the oral agreement was entered into in March of 1999, Harrell Equipment was worth millions of dollars. In her report and recommendation, the magistrate judge found that the doctrine of judicial estoppel prevented Harrell Equpment from successfully taking one position in a judicial proceeding only to take another position in a subsequent proceeding. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003). Thus, assuming arguendo that Harrell's personal damages are relevant, Harrell Equipment would be estopped from claiming that it was damaged as a result of SunTrust's actions.

[4]Additionally, the parties agree that Georgia law applies, as both parties are residents of Georgia and all events leading up to the filing of this lawsuit took place within the state of Georgia.

5

of frauds forbids such an investigation because part performance requires that SunTrust's actions be consistent with the existence of an alleged oral agreement and inconsistent with the lack thereof. Though the magistrate judge found that the evidence may be consistent with the oral agreement asserted by Harrell Equipment, she also found that SunTrust's actions were also consistent with what a secured creditor would do in the case of a defaulting debtor. Therefore, she determined that the doctrine of part performance did not apply because evidence was not inconsistent with the lack of an oral contract. Logically, the magistrate judge then found if the doctrine of part performance does not apply, Harrell Equipment's breach of contract claim must also fail because no contract existed for SunTrust to breach.

Additionally, because the Superior Court of Decatur County, Georgia issued a writ granting SunTrust all of Harrell Equipment's property, the magistrate judge found that the conversion and tortious interference with property rights claims were improper collateral attacks on the underlying state court judgments; those judgments terminated Harrell Equipment's interest in its assets and inventory. The magistrate judge also found the promissory estoppel claim failed because the alleged agreement was too vague to enforce. Finally, the magistrate judge determined that the spoilation of evidence claim also failed; Harrell Equipment did not claim or show that any documents were missing or that these "missing" documents would contain necessary information supporting Harrell Equipment's allegations.

On June 19, 2003, the United States District Court, Judge Robert G. James, adopted the magistrate judge's recommendation and granted SunTrust's motion. Harrell Equipment now appeals

the district court's judgment.[5]

## II.  DISCUSSION

### A.  Standard of Review

This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court.  *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 190 (5th Cir. 2001).  "Summary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law."  *DirectTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir.  2005).  The initial burden to demonstrate that no genuine issue of material fact exists is on the movant.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Upon showing there is an absence of evidence to support an essential element of the non-movant's case, the burden shifts to the party opponent to establish that there is a genuine issue of material fact in dispute.  *Id*. at 22.

### B.  Summary Judgment

#### 1.  Lack of Evidence of Damages Incurred

In determining whether Harrell Equipment demonstrated a material issue as to whether it suffered damages, we consider Harrell Equipment's statement that "The district court improperly acted as an advocate in this case."  Harrell's assertion is not supported by the record.  In fact, by

---

[5]All claims by and against LMC Bainbridge were dismissed on joint motion of the parties after settlement.  All of Condrey's claims were dismissed by the district court on SunTrust's motion for summary judgment.  Condrey subsequently appealed to this Court, and we affirmed.  *Condrey v. SunTrust Bank of Ga.*, 2005 WL 2857452 (5th Cir.  Nov. 1, 2005).  Thus, the only remaining claims in the case before us are Harrell Equipment's cross claim and amended cross claim against SunTrust, though its appeal does not address the collateral attack determination by the magistrate judge.

7

failing to refer to any fact or evidence of loss in the record that would al low it to overcome the evidentiary threshold for summary judgment, the grant of summary judgment is compelled. In short, nothing in the record or briefs[6] explain to us how Harrell Equipment is damaged by the events which we have described.

Even if SunTrust had succeeded in what it referred to in oral argument as "the showdown," and even if it sold the assets and inventory of Harrell Equipment to a third party of Harrell Equipment's choice (i.e.: Vada), Harrell Equiment's assets and inventory would still belong to someone other than Harrell Equipment. Furthermore, as the district court explained, the claimed damages we discuss are damages pertaining to Harrell Equipment, not Hugh Harrell. That Hugh Harrell individually might have been better off had Vada purchased Harrell Equipment is not at issue in this appeal. Moreover, it is not enough for Harrell Equipment to state, as it did in its brief, that "Harrell was left holding the bag." Without concrete evidence of loss or deprivation by Harrell Equipment, the district court correctly rejected it claims for damages.

Having determined that Harrell Equipment has not raised a material issue as to damages it incurred and cannot assert the rights of another party, namely Hugh Harrell or Vada, we now determine how this conclusion impacts Harrell Equipment's additional claims:

On its fraud claim, the lack of damages is fatal because one of the requirements of a fraud action is that the plaintiff suffer damages as a pro ximate result of the defendant's false representations. *Longino v. Bank of Ellijay*, 491 S.E.2d 81, 84 (Ga. Ct. App. 1997) (listing the five

---

[6]When counsel for Harrell Equipment was asked at oral argument what other evidence absent from the summary judgment record would his client produce if the case went to trial, counsel for Harrell Equipment conceded that the summary judgment record is the same record that he would present at trial.

elements for fraud and emphasizing that the plaintiff must sustain a loss as a result of the fraud).

Further, to "establish a cause of action for fraud, [one] must show that actual damages, not simply

nominal damages, flowed from the fraud alleged." *Stiefel v. Shick*, 398 S.E.2d 194, 196 (Ga. 1990).

Therefore, because Harrell Equipment has shown no actual damages and because Georgia law does

not provide for nominal damages in a fraud claim, the district court was correct in awarding summary

judgment to SunTrust on this issue.

To understand how a lack of cognizable damages affects Harrell Equipment's promissory

estoppel claim, we look to the statutory definition under Georgia law of this equitable doctrine:

> (1) the defendant made a promise or promises; (2) the defendant
> should have reasonably expected the plaintiff[ ] to rely on such
> promise; (3) the plaintiff[ ] relied on such promise to [its] detriment;
> and (4) an injustice can only be avoided by the enforcement of the
> promise, because as a result of the reliance, plaintiff [ ] changed [its]
> position to [its] detriment by surrendering, forgoing, or rendering a
> valuable right.

Ga. Code Ann. § 13-3-44 (2005). Turning to the final element, in *Rental Equipment Group, LLC*

*v. MACI, LLC*, 587 S.E.2d 364 (Ga. Ct. App. 2003), the Georgia Court of Appeals explained the

relevance of damages in analyzing a claim of detrimental reliance. In that case, Rental Equipment

Group entered into a written agreement with MACI to purchase its rental assets, but Rental

Equipment Group later backed out of its commitment. *Id*. Thereafter, MACI filed suit claiming that,

among other allegations, the doctrine of promissory estoppel applied and acted to hold Rental

Equipment Group to its agreed-upon part of the bargain. *Id*. In analyzing the detrimental reliance

issue, the court stated that MACI,

> [i]n reliance upon the agreement . . . acted to their detriment by
> rebuffing [other potential purchaser's] repeated offers to purchase; by
> selling off needed equipment that Rental Equipment Group did not

9

want to buy; by not moving the []store from an unprofitable location; and by delaying the installation of a newly purchased computer system, which was not compatible with the Rental Equipment Group's computer system. [MACI] delayed obtaining long-term financing and had a resulting cash flow problem after the sale did not go through, because they had to rely upon short-term financing.

*Id*. at 367. The *MACI* court went on to hold that,

> [r]easonable reliance by the plaintiffs to their detriment is an essential element, and the evidence supports such detriment with the rejection of another bona fide offer to purchase, change in value, sale of inventory later needed, failure to obtain permanent financing, failure to change business locations, nonuse of a new computer system, and other harm shown by the evidence.

*Id*. at 368. In the case before us, however, there is no such evidence. There is nothing in the record to convince us that SunTrust's actions were detrimental to Harrell Equipment's interests. We are unpersuaded about how the selling of Harrell Equipment's assets to a third party of SunTrust's choosing rather than Harrell Equipment's choosing, even if SunTrust did make such a promise, supports the notion that Harrell Equipment relied to its detriment on SunTrust's promise. Thus, Harrell Equipment's lack of damages indicates a lack of detriment and ultimately a lack of a successful promissory estoppel claim.

Regarding Harrell Equipment's breach of contract claims, its lack of damages is not fatal. Georgia law explains that "[i]n every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action." Ga. Code Ann. § 13-6-6 (2005). Therefore, that Harrell Equipment has put forth no evidence of damages is not dispositive of all claims against SunTrust. We turn now to Harrell

10

Equipment's breach of contract claim and its remaining claims.

*2. Breach of Contract*

Harrell Equipment claims that the district court erred in dismissing its breach of contract claim on the basis that Georgia's Statute of Frauds bars consideration of the alleged oral contract. Harrell Equipment is mistaken. Under Georgia law,

> [t]o make the following obligations binding on the promisor, the promise *must be in writing* and signed by the party to be charged therewith or some person lawfully authorized by him:
> > (1) A promise by an executor, administrator, guardian, or trustee to answer damages out of his own estate;
> > (2) A promise to answer for the debt, default, or miscarriage of another;
> > (3) Any agreement made upon consideration of marriage, except marriage articles as provided in Article 3 of Chapter 3 of Title 19;
> > (4) *Any contract for sale of lands*, or any interest in, or concerning lands;
> > (5) Any agreement that is not to be performed within one year from the making thereof;
> > (6) Any promise to revive a debt barred by a statute of limitation; and
> > (7) *Any commitment to lend money*.

Ga. Code Ann. § 13-5-30 (2005)(emphasis added). Additionally, "a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some *writing* sufficient to indicate that a contract for sale has been made." Ga. Code Ann. § 11-2-201(11) (2005) (emphasis added). Thus, based on the plain language of the Georgia Code, we agree with the district court; the alleged oral agreement is barred by the statute of frauds.

We hold that the purported Harrell Equipment/SunTrust agreement is barred by the Georgia Statute of Frauds because it involved a commitment to lend money, a sale of

11

goods for more than $500 and a sale of land. Harrell Equipment asserts, however, that the agreement does not involve a commitment to lend money, but merely discusses money already lent by SunTrust. In fact, Harrell Equipment refers in its brief to the premise that the agreement contained a commitment to lend money as a "red herring." We reject this assertion as meritless.

Harrell Equipment's major contention in this appeal involves the agreement regarding who would finance the purchase with SunTrust. Additionally, when the parties agreed that SunTrust would finance Harrell Equipment's day-to-day operations, SunTrust clearly committed to providing additional money to Harrell Equipment. Thus, the facts do not suggest that if there were an agreement between the parties, it merely contained a reference to previous loans and not future financial commitments.

But even if we found Harrell Equipment's "red herring" argument persuasive, the record before us reflects that Harrell Equipment itself admits the contract involves the sale of goods in excess of $500 because it involved the sale of Harrell Equipment's assets and inventory, which LMC Bainbridge ultimately purchased for approximately $1 million. Additionally, the contract, as it is explained by Harrell Equipment, involved the sale of land because it included the transfer of Harrell Equipment's manufacturing facility in Vada, Georgia. Therefore, at this point in our analysis, because the contents of the alleged oral agreement fall within Georgia's Statute of Frauds and therefore must be in writing, Harrell Equipment's breach of contract claim must fail.

Harrell Equipment, however, asserts that its breach of contract claim should not fail because the doctrine of part performance is an exception to the requirement of a

12

writing. Indeed, Georgia Code Section 13-5-31 does provide that part performance of an alleged oral agreement is sufficient to remove it from the operation of the statute of frauds. Ga. Code Ann. § 13-5-31 (2005) (stating that the statute of frauds does not extend to cases "(1) where there has been performance on one side, accepted by the other in accordance with the contract; (2) where there has been such part performance . . . as would render it a fraud of the party refusing to comply if the court did not compel a performance."). But,

> [w]hen part performance of an oral agreement is relied upon to establish an exception to the statute of frauds, the part performance must be performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the plaintiff if the defendant refused to comply.

*White v. Orton Indus., Inc.*, 480 S.E.2d 620, 622 (Ga. Ct. App. 1997) (internal citations omitted). This evidence of part performance must also "be [both] consistent with the presence of a contract and inconsistent with the lack of a contract." *Rose v. Cain*, 544 S.E.2d 453, 456 (Ga. Ct. App. 2000). As we explained previously, though Harrell Equipment has clearly presented evidence consistent with its claim of an oral agreement, this evidence does not refute the *lack* of a contract. Moreover, the fact that Harrell Equipment did not file for bankruptcy is not enough for us to determine the evidence is inconsistent with a lack of a contract. Therefore, because we find that Harrell Equipment's actions are par with that of any other debtor in a similar creditor/debtor relationship, we agree with the district court and refrain from finding the doctrine of part performance applicable in this case.

In sum, because the Georgia Statute of Frauds applies, the alleged oral agreement

13

between the parties must have been reduced to writing. Furthermore, because the evidence presented by Harrell Equipment is equally consistent with the existence and nonexistence of a contract, the Georgia doctrine of part performance does not operate to save the agreement as an exception to the writing requirement. Therefore, we hold that no contract existed and, because no contract existed, there can be no breach of contract claim by either party.

Undaunted, Harrell Equipment asserts another exception under Georgia law that would allow enforcement of the alleged contract–promissory estoppel. Harrell Equipment asserts that the district court erred in finding that it had failed to demonstrate a genuine issue of material fact regarding its promissory estoppel claim because promissory estoppel is not dependent upon the existence of an enforceable contract.

Georgia case law explains that to succeed on a promissory estoppel claim, "plaintiffs must show that (1) defendant made certain promises, (2) defendant should have expected that plaintiffs would rely on such promises, (3) the plaintiffs did in fact rely on such promises to their detriment, and (4) injustice can be avoided only by enforcement of the promise." *Kamat v. Allatoona Fed. Sav. Bank*, 498 S.E.2d 152, 155 (Ga. Ct. App. 1998). Harrell Equipment correctly notes that Georgia courts have determined "that a claim predicated on a theory of promissory estoppel may lie even though the promise was made in a contract that is not legally enforceable." *Hendon Prop., LLC v. Cinema Dev., LLC*, 2005 WL 2156597, *4 (Ga. Ct. App. Sept. 8, 2005). As we have previously stated, however, the lack of evidence presented to support the "detriment" element hinders Harrell Equipment from plausibly presenting sufficient evidence to constitute a

14

genuine issue of material fact on this issue. Though Harrell Equipment may have presented some evidence regarding the existence of a promise as an element of promissory estoppel, the statute's use of the conjunctive "and" requires that evidence on *all* elements be presented. *See Dyke v. State*, 209 S.E.2d 166, 173 (Ga. 1974). Therefore, without evidence of damages, we find that this claim does not revive Harrell Equipment's breach of contract claim, requiring us to enforce the alleged agreement.[7]

*3. Fraud*

For the same reasons we find Harrell Equipment's breach of contract claim fails, we also find its fraud claim lacks merit. Notwithstanding its inability to proffer actual damages, Harrell Equipment claims it demonstrated a genuine issue of material fact sufficient to establish fraud. We conclude, however, that even if we were to find that Harrell Equipment's failure to show damages did not affect its fraud claim, that the district court was correct when it held the fraud claim inapplicable.

In Georgia, five elements are required in order to prove fraud: "(a) a false representation by the defendant, (b) scienter, (c) an intent to induce the plaintiff to act or refrain from acting, (d) justifiable reliance by the plaintiff, and (e) damage to the plaintiff." *Tom's Amusement Co. v. Total Vending Serv.*, 533 S.E.2d 413, 418 (2000) (emphasis

---

[7]Even if Harrell Equipment did demonstrate a genuine issue as to damages, which we find it did not, its promissory estoppel claim would still fail because the alleged promises are too vague for us to enforce. Promises lacking in specifics will not be enforced through promissory estoppel. *See Mooney v. Mooney*, 538 S.E.2d 864, 868 (Ga. Ct. App. 2000); *see also Reuben v. First Nat'l Bank*, 247 S.E.2d 504, 507 (Ga. Ct. App. 1978). The alleged agreement before us fails to specify, for example, the final purchase price, the specific assets to be purchased, the actual purchaser, etc. The abstruseness of the supposed agreement between Harrell Equipment and SunTrust renders it unenforceable.

omitted). Additionally, an action for fraud cannot be based on a promise which is unenforceable at the time it is made. *Albee v. Krasnoff*, 566 S.E.2d 455, 460 (2002). As we have explained, Harrell Equipment has not provided us with concrete evidence of a written or oral contract. Therefore, because the alleged contract is required by the Georgia Statute of Frauds to be in writing and because no exceptions apply, we reiterate that there is no contract. Furthermore, we hold that, without a contract, Harrell Equipment is without an enforceable promise and, without an enforceable promise, it is also without a successful fraud claim.

*4. Conversion of Intangible and Tangible Property*

Next, Harrell Equipment asserts that the district court erred in failing to determine that it demonstrated a genuine issue of material fact regarding its claim of conversion. In Georgia, "in order to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, *and* (4) refusal by the other party to return the property. *Metzger v. Americredit Fin. Serv., Inc.*, 615 S.E.2d 120, 122 (Ga. Ct. App. 2005). Specifically, Harrell Equipment claims that it provided evidence that SunTrust converted its intangible property rights. To better articulate this legal premise, Harrell Equipment cites *Decatur Auto Center, Inc. v. Wachovia Bank, N.A.*, 583 S.E.2d 6 (Ga. 2003), in which an auto dealership ordered its bank to stop payment on a check. *Id.* Instead, the bank in that case paid the payee listed on the check and the dealership subsequently sued the bank for converting the value of the check on which the stop payment was ordered. In its holding, the Georgia Supreme Court

16

determined that the dealership was entitled to damages because the bank's conversion of the document included the conversion of all the intangible rights associated with that document. *Id.* at 8. Therefore, t he court said that by converting the check, the bank converted the funds associated with the check. *Id.*

We find *Decatur* inapposite. For example, in *Decatur*, the parties were dealing with a written document; here we have no document. Further, though we believe it is logical to associate funds as the direct extension of a check, we find it illogical to associate the intangible property rights Harrell Equipment alleges SunTrust converted, (1) tax identity; (2) business identity; (3) mail; (4) contract rights; (5) the right to file for Chapter 11 protection; and (6) the right to operate its own business affairs prior to foreclosure, with the sort of property rights that are customarily integrated in a lease agreement. In other words, we recognize that when one signs a check, the account to which that check pertains will be affected; but this concept does not explain how a lease agreement (and an oral one at that), affects rights ranging from filing for bankruptcy to tax identity. Harrell Equipment's reliance on *Decatur* is, therefore, misplaced.

Furthermore, in discussing its conversion claim regarding its tangible property rights without the "frills" of *Decatur*, Harrell Equipment's only argument seems to be that the lease agreement regarding the Vada, Georgia facility is a sham, since SunTrust never paid rent to Harrell Equipment. Alternatively, SunTrust claims and the record reveals, that the rent it owed Harrell Equipment was offset against Harrell Equipment's existing debt owed to SunTrust. Furthermore, even if Harrell Equipment had alleged sufficient facts to suggest conversion, there is no evidence in the record that Harrell Equipment

17

demanded SunTrust return the property claimed to be converted, as required by Georgia law. *See Bryant v. Carver*, 428 S.E.2d 621, 623 (Ga. Ct. App. 1993) (explaining that, in Georgia, for a plaintiff to be successful in an action for conversion he must show that he has the right of possession of the converted assets and that he demanded the converted assets be returned). For these reasons, we find that Harrell Equipment's conversion claim surrounding the lease must also fail.

5. *Spoliation of Evidence*

Harrell Equipment's final claim on appeal is for spoliation of evidence. Harrell Equipment asserts that the district court failed to draw the proper evidentiary presumptions from SunTrust's failure to produce evidence regarding its purported investigation of certain SunTrust employees. Harrell Equipment relies on Georgia law and claims that, "[s]poliation of evidence raises a presumption against the spoliator." *Am. Cas. Co. v. Schafer*, 420 S.E.2d 820, 822 (Ga. Ct. App. 1992) (internal citations omitted). Harrell Equipment is correct. While this is an accurate statement of Georgia law, federal courts, however, apply federal evidentiary rules rather than state spoliation laws in diversity suits. *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).

The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of "bad faith" or "bad conduct." *Id.* In its brief, counsel for Harrell Equipment argued that *Tyler v. Lincoln*, 527 S.E.2d 180 (Ga. 2000), stood for the proposition that "generally the question of bad faith is for the jury, to be determined from its consideration of the facts and circumstances in the case." *Id.* at 183-84 That case, however, involved different causes of action than those involved in the case before us.

18

Furthermore, the Georgia Supreme Court's discussion of bad faith in that case related to the trial court's grant of summary judgment for a request of attorney's fees under a Georgia statute. *Id.* at 183. *Tyler* did not involve a case in which a federal evidentiary rule governed a spoliation of evidence inquiry, as the case before us does. Therefore, counsel's reasoning is faulty. Because Harrell Equipment has shown no evidence of bad faith, we find that its spoliation claim is without merit.[8]

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

AFFIRMED

---

[8]Furthermore, Harrell Equipment has failed to specifically allege what evidence SunTrust destroyed or to demonstrate what documents are missing. Harrell Equipment did not point to facts in the record to suggest that an investigation took place and it has not named specific documents that it cannot locate. Therefore, even if Harrell Equipment had alleged that SunTrust acted in bad faith when it destroyed evidence, we would still affirm the district court's award of summary judgment on this issue because Harrell Equipment apparently cannot demonstrate that SunTrust destroyed relevant evidence.

19