**Henry WHITE, Jr., Plaintiff–Appellant,**

v.

**WAL–MART STORES EAST, L.P., Defendant–Appellee.**

No. 05–60847.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 3, 2006.

William F. Riley, Riley & Callaway, Natchez, MS, Cecil Maison Heidelberg, Maison Heidelberg, Ridgeland, MS, for Plaintiff–Appellant.

Edley Hicks Jones, III, Wells, Marble & Hurst, Jackson, MS, for Defendant–Appellee.

Before REAVLEY, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM: *

Reviewing the record *de novo*, we affirm for the following reasons:

1. "[F]ederal courts ... apply federal evidentiary rules rather than state spoliation laws in diversity suits." *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir.2005). " '[T]he circumstances of the act must manifest bad faith. Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case.' " *Vick v. Tex. Employment Comm'n*, 514 F.2d 734, 737 (5th Cir.1975). Neither the loss of Casey's photographs nor Metcalf's written statements rise to the level of bad faith.

2. In *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss.1986), the Mississippi Supreme Court explained that a 2.5 hour interval between inspection and the time of accident was not sufficient to establish constructive notice. Metcalf's deposition testimony was emphatic that she did not see any fluid when she conducted her inspection twenty minutes before White's slip. Appellant does not contradict the time of inspection. There is no evidence that the fluid was on the floor earlier.

Affirmed.

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.