# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-41079
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2010

Lyle W. Cayce
Clerk

ARNOLD ESTRADA,

Plaintiff - Appellant

v.

CITY OF SAN BENITO, TEXAS; MARTIN ARELLANO, An Officer of the
U.S. Marshal Service; UNITED STATES MARSHAL SERVICE,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CV-116

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arnold Estrada brought a Section 1983 suit claiming that excessive force was used against him by a San Benito, Texas police officer. The district court granted summary judgment for the defendants. On appeal, Estrada argues that disputes of fact precluded summary judgment. We disagree and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41079

At approximately 9:00 p.m. on March 20, 2006, Arnold Estrada was a passenger in a van that was stopped by San Benito police officer Guadalupe Ayala. While Officer Ayala questioned the driver, Estrada got out of the vehicle and ran from the scene. He was quickly stopped by federal and state law enforcement officers. A United States Border Patrol agent tackled Estrada, allegedly causing Estrada's shoulder to "pop." Estrada claims he was beaten and handcuffed while on the ground, then picked up by the handcuffs in such a way as to worsen his shoulder injury. The identity of the officer who picked up Estrada is in dispute. San Benito asserts federal agents handcuffed Estrada, picked him up, and then released him to San Benito officials. Estrada suffered a severe shoulder injury that requires long-term physical rehabilitation.

On March 19, 2008, Estrada filed suit against numerous defendants. At various point in the proceedings, the number of parties and the claims have been reduced. Because the only issues on appeal concern the judgment entered for San Benito, only those claims are discussed.

The complaint alleged San Benito had municipal liability under Section 1983 for the actions of its officers. To prove municipal liability under Section 1983, a plaintiff must demonstrate his injury resulted from a city's official custom or policy. *See Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). In its motion for summary judgment, San Benito argued that Estrada failed to establish he was injured due to, or as a result of, an official city policy. The district court granted the motion for summary judgment, finding insufficient evidence for any claim against San Benito. Estrada appealed.

San Benito argues the notice of appeal was not timely. We thus examine the relevant chronology. Four weeks after the district court granted summary judgment in favor of San Benito and also for officer Ayala, the court entered an order that claims against the remaining defendants would be dismissed for failure to prosecute unless good cause was timely shown. Two days after that

2

order, Estrada filed his appeal. Three days later, the district court entered an order of dismissal and closed the case.

San Benito insists that because the only notice of appeal was filed before the district court's judgment became final, there has not been a valid appeal. That is incorrect. When a notice of appeal is filed after the district court announces its decision but before the entry of judgment, there are occasions when it will become effective on the date of the entry. Fed. R. App. P. 4(a)(2). A "notice of appeal from a nonfinal decision [will] operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). Among other examples, the Supreme Court discussed an appeal from an order dismissing a complaint after the plaintiff had been given an opportunity to amend. *Id.* (citing *Ruby v. Secretary of Navy*, 365 F.2d 385, 387-89 (9th Cir. 1966)). The plaintiff's refusal to amend was effectively announced by his notice of appeal, which the Supreme Court said became effective on the date of the district court's later entry of judgment. *Id.* at 277.

There is no meaningful distinction between *Ruby* and the present case. In both, the district court announced its decision that the case as it then existed was fatally defective, yet granted the plaintiff a right to correct the deficiencies. A premature appeal from such a ruling will become effective under Rule 4(a)(2) on the date of the final judgment.

Estrada makes a narrow argument on appeal. He alleges San Benito acted in bad faith in destroying or concealing evidence relating to his arrest. He argues such behavior raises an unfavorable inference inconsistent with San Benito's exculpatory theory – that the city was not in control of the person who injured Estrada. Estrada maintains this raises a question of fact defeating summary judgment as to the excessive force claim.

No. 09-41079

We review the district court's grant of summary judgment *de novo*. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *United Fire and Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (quoting Fed. R. Civ. P. 56(c)).

Initially, Estrada argues San Benito's deliberate failure to produce evidence from the traffic stop raises a negative inference that, in concert with Estrada's allegations, demonstrate a question of fact to defeat summary judgment. This argument fails. Estrada's allegation that the arresting officer purposely failed to record information at the time of the traffic stop is not supported by the record. An "adverse inference against the destroyer of evidence" may arise "only upon a showing of bad faith or bad conduct." *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005) (internal citation and quotations omitted). The district court did not err in denying Estrada the benefit of a negative inference against San Benito.

Second, Estrada argues there was a question of fact concerning the use of excessive force that should have barred summary judgment. The question of fact was whether the person who committed the act injuring Estrada worked for San Benito or the federal government. Even if a city employee injured Estrada, though, there has been no showing that a city policy led to excessive force being used. Without some evidence being offered to support the existence of a policy, there cannot be municipal liability on this sort of claim under Section 1983. *See Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001).

The district court properly found no evidence that any excessive force was the result of a San Benito policy. Summary judgment was proper. We AFFIRM.