**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**RESOURCES FOR HUMAN DEVELOPMENT, INC.**

**Civil Action No. 10–3322.**

United States District Court, E.D. Louisiana.

Feb. 10, 2012.

Gregory T. Juge, Tanya Lea Goldman, Equal Employment Opportunity Commission (New Orleans), New Orleans, LA, Camille A. Monahan, U.S. Equal Employment Opportunity Commission, Milwaukee, WI, Gwendolyn Young Reams, U.S. Equal Employment Opportunity Commission, Washington, DC, James Philip Sacher, U.S. Equal Employment Opportunity Commission, Houston, TX, for Equal Employment Opportunity Commission.

Leslie A. Lanusse, Shelly Spansel Howat, Janis Van Meerveld, Adams & Reese, LLP, New Orleans, LA, for Resources for Human Development, Inc.

## ORDER AND REASONS

IVAN L.R. LEMELLE, District Judge.

**IT IS ORDERED** that the Equal Employment Commission's motion for adverse inference jury instruction is **GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part (Record Document Number 49), with conditions noted below. However, as a lesser sanction for Defendant's bad faith destruction of evidence, Defendant shall pay reasonable expenses, attorney fees and costs associated with this motion and retaking the deposition of Michele Vick and Randee Gallo for all purposes, including perpetuation. Thereafter and depending upon the information obtained, the EEOC is given leave to reurge the request for the adverse inference instruction. Vick's "reconstructed" notes are stricken as additional sanctions.

■ Generally, severe sanctions of granting default judgment, striking pleadings, or giving adverse inference instructions may not be imposed unless there is evidence of bad faith. *Condrey v. Sun-Trust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir.2005); *King v. Ill. Cen. R.R.*, 337 F.3d 550, 556 (5th Cir.2003). Severe sanctions may not be warranted if lesser sanctions can reasonably remedy the sanctionable conduct. *Spallone v. U.S.*, 493 U.S. 265, 280, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990); *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 86 F.3d 464 (5th Cir.1996). In other words, the punishment should be modeled upon the offensive conduct and the resulting harm. At this time, re-taking the depositions of Defendant's key officials whose notes were destroyed should further the process of achieving a just and equitable result. This is particularly important where, as here, the offensive conduct is not revealed in pre-deposition discovery, but surprisingly during depositions of key witnesses.

■ Gallo and Vick kept notes of frequent conversations with each about alleged job performance deficiencies concerning Lisa Harrison, the charging party. Vick also kept notes about conversations she had with Harrison. Defendant identified Gallo and Vick as its only employees at the time with discoverable information in support of its clams/defenses in initial disclosures. Undisputed, the EEOC charge of discrimination filed by Harrison along with a document presentation notice was sent to Defendant on 26, 2007. Record Document Number 49, Exhibit B. In May 2008, the EEOC requested Defendant's documentation in support of the termination of Harrison. Defendant did not produce the contemporaneous notes of Gallo or Vick contending now that neither of those supervising employees informed it about the existence of same. Defendant contends that it has a document retention policy in compliance with internal and legal standards, i.e. the ADA, 42 U.S.C. § 12117, 29 C.F.R. Part 1602. However, it relies in defense to this motion upon these employees' self-serving statements that they did not think their notes contained "relevant" information. We do not credit such defense or statements as supportable by the record provided by each party. Further, Defendant offers no credible reasons for its failure to give specific instructions to Gallo or Vick to retain *all* records or documents concerning the charging party, especially critical contemporaneous notes of conversations relative to Harrison's job performance and termination. Gallo's and Vick's ignorance of the law and Defendant's reliance upon employees' ignorance of legal standards do not excuse Defendant's misconduct. The attempted reconstruction of Vick's notes comes too late and offers little in defense—even Defendant questions Vick's memory in that and other pertinent areas. "Gallo admits that the notes contained ... words t6 ...."; Gallo even told Vick to put in writing what was occurring with Harrison in order to know what happened. Record Document Number 49–12 at p. 7.

Amazingly, Gallo helped respond to formal discovery requests on behalf of the Defendant and again failed to mention her notes. Defendant cannot hide behind Gallo's incredulous assertion that supervision notes which "helped her remember things" are irrelevant. Gallo knew that Defendant encouraged written documentation of verbal follow-ups. Record Document Number 49–12 at p. 7. The EEOC learned in Gallo's November 2011 deposition that she kept steno pad notes of just about every conversation she had with directors—Vicks was one of Defendant's directors who called Gallo frequently about Harrison. Gallo's frustration with Vick's calls led to Gallo telling Vick to terminate Harrison or quit

calling to complain about Harrison. Record Document Number 49–12 at p. 5.

■ Defendant through Gallo (Defendant's Corporate Assistant Director), Vick (a Director under Gallo and Harrison's immediate supervisor), Defendant's General Counsel Gene Schneyer and Danielle Pizzolatto (another Director) failed to preserve the best contemporaneous evidence of Defendant's interactions with Harrison in violation of Defendant's ongoing legal obligations to retain any record having to do with her termination until disposition of the charge of discrimination. 29 C.F.R. Part 1602.14. Defendant is therefore responsible for the failures of it's employees to retain relevant contemporaneous notes about Harrison. Compare, *U.S. v. Philip Morris USA, Inc.*, 327 F.Supp.2d 21, 25 (D.D.C.2004). Contentions that the notes did not contain relevant information are belied by the use of notes to document employee grievances and to help supervisors remember what happened whenever discussions were held about Harrison's alleged deficiencies or discipline. It is preposterous and absurd to believe no prejudice flowed from this spoliation because the contemporaneous notes would have contained either proof of material facts in dispute or the lack thereof, i.e. alleged counseling sessions regarding job deficiencies, termination process and notice. Harrison is now unavailable to respond to Defendant's allegations concerning those relevant issues; Gallo and Vick offer highly contradictory and unbelievable reasons for the failure to retain their notes; Defendant through some creative process presumes the notes either contain corroborative information of their defenses, contain nothing relevant or even if destroyed in bad faith cause no prejudice. We find no credible justification for Defendant's position here.

■ For reasons given above, we find the contemporaneous notes made by Gallo and Vick were callously destroyed or lost in bad faith violation of Defendant's legal duty to obtain and preserve same; we also find prejudice to Plaintiff has occurred by that violation. As sanctions, Defendant shall pay Plaintiff's reasonable attorney fees and costs associated with (a) this motion and (b) the re-taking of the depositions of Vick and Gallo. Additionally, the so-called "reconstructed" notes of Vick shall be stricken as sanction for the failure of Defendant to retain the original contemporaneous notes. Lastly, the requested negative inference instruction may be given at trial if the ordered depositions here or other evidence fail to remedy the prejudice caused by Defendant's noted bad faith conduct.