# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60043

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2016

Lyle W. Cayce
Clerk

ROCKY ESTES,

Plaintiff-Appellant

v.

LANX, INCORPORATED; JOHN DOES 1-10,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CV-52

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rocky Estes had a Lanx-created device, the Telluride system, implanted to fuse his spinal vertebrae. After several months, the screws in the system fractured and broke. As a result, the device had to be removed and replaced. About a year later, Estes sued Lanx in federal court asserting claims under Mississippi tort law. The district court granted summary judgment to Lanx on all claims. Estes appeals that ruling with respect to two of the claims—

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60043

manufacturing defect and fraudulent concealment.  He also appeals the denial of a motion to compel.

Estes claims his injury happened because of a manufacturing defect in the screws.  But neither the hospital nor Lanx retained the broken screws when they were removed in the surgery that replaced the first implant.  This prevents Estes from making the required showing that the malfunctioning item deviated from the manufacturing specifications.  *See Cooper Tire & Rubber Co. v. Tuckier*, 826 So. 2d 679, 693 (Miss. 2002).  Recognizing that the missing screws prevent the comparison that is usually necessary in these cases, Estes argues that the district court should have drawn an adverse inference against Lanx on this issue because one of its product distributors was present in the operating room from which the screw went missing.

We conclude that the trial court did not abuse its discretion in refusing to draw an adverse inference based on spoliation of evidence.  *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).  When evidence is spoliated, we will draw an "adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'"  *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005) (quoting *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003)).  Having reviewed the briefs and record, and considered the oral argument of the parties, we find no basis for disturbing the district court's finding of no bad faith.[1]

Estes next appeals the district court's ruling that his claim for fraudulent concealment was preempted by federal regulatory law under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).  In *Buckman*, a spinal fixation system manufacturer allegedly made fraudulent representations to the Food

---

[1] The district court also correctly noted that Estes failed to introduce any evidence showing the actual manufacturing specifications.

and Drug Administration (FDA) in trying to get approval of screws for use in its systems. *Id.* at 343. After two unsuccessful attempts to obtain approval were denied because the FDA found the application for the system was not "substantially equivalent" to preexisting systems, the manufacturer split the device into component parts and filed separate applications for each part, which succeeded. *Id.* at 346. The plaintiffs claimed that "but for" misrepresentations made to the FDA during this process, they would not have sustained injuries from the implantation of these devices because the FDA would not have approved them. *Id.* at 343. The Court held that the plaintiffs' state law claims were preempted because they were essentially seeking to punish the manufacturer for defrauding the federal agency, a task that is properly left to the agency itself and federal law. *Id.* at 347–48.

In applying *Buckman* to Estes's case, the district court observed that his claim for fraudulent concealment was premised on the allegation that by submitting component-based applications (rather than a single application) for 510(k) approval for the Telluride system, Lanx violated the Federal Food, Drug, and Cosmetic Act ("FDCA"). Estes tries to distinguish *Buckman* on a couple of grounds. He first argues that he is asserting a state tort claim, not a federal claim under the FDCA. But that was true in *Buckman*, which rejected the plaintiffs' attempts to characterize their claims as ordinary common-law causes of action, reasoning that the plaintiffs' "fraud claims exist solely by virtue of the FDCA disclosure requirements." *Id.* at 353. Estes next argues that his claim does not allege misrepresentations to the FDA, but misrepresentations and omissions to doctors and patients that led them to believe the entire system was approved when only its components were. This distinction does not change that his claim is based on the allegation that the system lacked, to use his words, "the requisite FDA approval." As such, the

claim "exist[s] solely by virtue of the FDCA disclosure requirements." *Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 379 (5th Cir. 2012). A verdict in Estes's favor on this claim would undermine the FDA's "control over its ability, based on scientific expertise, to prescribe—and intelligently limit— the scope of disclosures necessary for its work." *Id.* at 380. For these reasons, we agree with the district court that the fraudulent concealment claim is impliedly preempted under *Buckman*.

Lastly, Estes challenges the denial of his motion to compel production of all FDA pre-approval submissions for not only the Telluride pedicle-screw based system that was implanted in him, but also another Lanx system known as the Aspen system. He also sought all consumer complaints for any Lanx device from 2007–2013. To the extent this discovery would even matter with the dismissal of the fraudulent concealment claim that we have just affirmed, we conclude that the trial court did not abuse its discretion in denying the discovery request. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014).

The judgment is AFFIRMED.